McCulloch v. Mutual Reserve Fund Life Association.

Opinion delivered February 17, 1906.

Insurance—bond—contractual limitation.—An action on the bond of a life insurance company which is conditioned that the company shall promptly pay all claims accruing by virtue of any policy issued by it is barred if suit is not brought within one year after the death of the assured where the policy which is the basis of the action stipulates that the company "shall not be liable, nor shall any suit or proceeding be brought, after the lapse of one year from date of the death" of the assured.

Appeal from Pulaski Circuit Court; *Edward W. Winfield*, Judge; affirmed.

STATEMENT BY THE COURT.

In December, 1893, Dr. McCulloch died in this State. He held a policy on his life for $10,000 in the Mutual Reserve Fund Life Association. The beneficiaries in this policy were his two sons, Gilbert and Ben McCulloch, who were minors at the time of the death of their father. He left a will, directing that his wife should be appointed guardian of his sons without bond. This was done, and the company paid the money to her.

Afterwards when the sons became of age, one of them brought this action against the company and its bondsmen to recover his portion of the amount due on the policy.   •

The bond to the State of Arkansas, given by the insurance company as principal and the Union Guaranty & Trust Company as surety in the sum of twenty thousand dollars, has a condition in it that if the association "shall promptly pay all claims arising

and accruing to any person or persons during said term of one year by virtue of any policy issued by said company upon the life of any citizen of Arkansas when the same shall become due, then this obligation shall be void; otherwise, to remain in full force and effect."

The plaintiff alleged that no guardian was ever legally appointed for him; that he was entitled to half of the amount due on the policy; that the company had never paid the amount to him or to any one for him; that, by reason of the failure of the company to pay him, the conditions of its bond were broken. Wherefore he asked judgment for the $5,000 and interest.

The company filed an answer, in which it pleaded payment, and further pleaded the statute of limitations, and that the suit was not commenced within one year after the death of the assured. The policy contained the following provision: "Said association shall not be liable, nor shall any suit or proceeding be brought, after the lapse of one year from the date of the death of said member."

The circuit court held that this provision was valid, and that, as the action was not commenced within that time, no recovery could be had, and gave judgment for defendant. Plaintiff appealed.

*Wood & Henderson,* for appellant.

The execution of the bond was a voluntary act on the part of the company. By doing so, and the bond containing no stipulation limiting the time of bringing suit, it thereby waived that provision in the policy. 19 Am. & Eng. Enc. Law, 104; May on Ins. (3 Ed.), § 488; 98 N. W. 522; 52 Ark. 11. If his remedy on the policy were barred, that did not affect his right to recover on the bond. 19 Am. & Eng. Enc. Law (2 Ed.), 152, and note; 26 Ohio, 543; 77 Fed. 929. The same rule applies here as for the collection of a debt by foreclosure of a mortgage, though the debt itself be barred by the statute of limitations. 19 Am. & Eng. Enc. Law (2 Ed.), 177-8.

2. The payment to Maggie G. McCulloch was not such as to bind appellant and release appellee on its bond. Execution of bond by a guardian is a prerequisite to his appointment as such. Kirby's Digest, § § 3780 to 3782. Until such bond is executed, he

can not collect and receive the estate of the minor.    32 Ark. 97;
63 Ark. 380; 33 L. R. A. 759.    The provision of the will could
not change the operation of the statute.    Kirby's Digest, § § 3763,
3757-8.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.
1.    The validity of the stipulation in the policy limiting the
time of bringing suit is well settled.    7 Wall. 386; May on Ins.
§ 478 and authorities cited.    It is binding upon an infant benefi-
ciary.    11 Fed. 280; 71 Tex. 579.    Plaintiff's recourse upon the
bond is limited to his rights under the policy.    Kirby's Digest, §
§ 4339, 4376.

2.    The execution of bond is not a condition precedent to the
grant of letters of administration or guardianship, and innocent
parties have a right to rely upon letters duly authenticated.    14
Ark. 300; Kirby's Digest, § § 3754-3780; 80 N. Y. 140; 84 N. Y.
48; 5 Johns. Chy. 343; 44 Ohio, 637; 37 Am. Dec. 301; 8 Pick.
149.    The statute, Kirby's Digest, § 3782, is directory merely, and
does not purport to vitiate letters issued without bond.    14 Ark.
300.    See also 1 Woerner on Administration, § 253; 91 U. S.
243; 79 Am. Dec. 62.; 96 Ga. 322; 2 Doug. (Mich.), 433; 23
Minn. 84.    The regularity of the appointment can not be ques-
tioned in a collateral proceeding.    39 Ill. 563; 48 Ill. 17; 7 Lans,
429.

Riddick, J., (after stating the facts.)    This is an appeal
from a judgment of the circuit court holding that the right of
action which accrued to plaintiff as one of the beneficiaries in a
policy of insurance was cut off by the provision in the policy
which limited the time for bringing the action on the policy to one
year after the death of the assured.    As plaintiff did not bring
this action either within a year of the death of the assured or
within a year of his arriving at age, it is evident that he is cut off
by this provision of the policy, if it applies to this kind of an
action.

But counsel for appellant contends that this is not an
action on the policy, but on the bond given by the company to the
State for the payment of the policies issued by the company.    He
contends that the principle which governs here is the same as
that which applies in an action to foreclose a mortgage given for

the security of a debt, where the fact that the right of action on the note or account secured is barred does not impair the remedy by foreclosing the mortgage if a longer period of limitation be applicable to the mortgage.  19 Am. & Eng. Enc. Law (2 Ed.), 177.  But the facts here do not seem to us to bring this case within that rule.  This is not the ordinary case of a debtor giving to a creditor security for a debt which is a lien on property.  It is the case of an insurance company executing a bond to the State in compliance with the statute of the State designed to protect its policy-holders in the State by compelling the company to carry out its contracts made in this State.  There was, we think, no intention of the Legislature to enlarge or extend the liability of the company.

Now, the right of action on the bond may not be affected by the limitation in the policy, but the question of whether plaintiff is entitled to recover does depend not only on the bond, but also on the form of the policy.  Although the limitation as agreed in the policy may not, strictly speaking, operate to bar the action on the bond, yet no recovery can be had unless something is due plaintiff on the policy.  For, while this is an action on the bond, the right to recover, as before stated, depends on the policy also. In order to recover, the plaintiff must show, not only the execution of the bond, but that there is something due him on the policy which the company has refused to pay.  But the condition in the policy that the company shall not be liable unless suit is brought within one year has a very different effect from that of the statute of limitations on a debt.  The statute of limitations affects the remedy only.  The debt still exists; and if it be secured by a mortgage which is not barred, the mortgage may be foreclosed and the debt collected, though no action could be brought on the debt itself.  But, by this clause in the policy, the company owes nothing if suit be not brought within one year.  After that time not only the remedy but the debt itself is gone, and there is no right to recover, for that was the condition upon which the promise to pay the amount of the policy was made.  *Williams* v. *Insurance Co.*, 20 Vt. 222; *Gray* v. *Hartford Fire Ins. Co.*, 1 Blatchf. 280, s. c. 6 Fed. Cases, 788; 2 May on Insurance, § 482; 4 Cooley, Briefs on Ins. 3969.

In this case the company attempted in good faith to carry

out its policy. It paid the amount of the policy to the mother of the plaintiff, who had been appointed his guardian, and she testified in this case that she spent the money for his benefit; but as she had executed no bond, it is doubtful if this payment to her would have protected the company, had this action been commenced in time. But it was not, and by the terms of the policy the company is no longer liable. So far as the policy is concerned, it must now be conclusively presumed that the company owes the plaintiff nothing on its policy.

As before stated, we do not think it was the intention of this statute to enlarge the liability of the company and to permit a recovery on the bond when nothing was due on the policy. We are therefore of the opinion that the circuit court correctly held that, under the circumstances of this case, there was no liability on the bond.

Judgment affirmed.

McCULLOCH, J., took no part in the decision of this case.