WELLS *v.* UNION CENTRAL LIFE INSURANCE COMPANY.

Opinion delivered December 17, 1906.

1. LIFE INSURANCE—NONPAYMENT OF PREMIUM.—A stipulation in a policy of life insurance that a failure to pay any of the first three annual premiums shall avoid the policy is valid. (Page 147.)

2. SAME—LIMITATION.—An action on policy of life insurance executed prior to the passage of the act of March 12, 1901, brought more than a year after the death of the insured, is barred where it stipulated on its face that no suit under it should be brought after one year from the insured's death. (Page 147.)

Appeal from Clay Circuit Court; *Allen Hughes,* Judge; affirmed.

*F. G. Taylor,* for appellant.

1. The stipulation that no suit to recover under the policy should be brought after one year from the death of the insured is a limitation in conflict with the law, and will not be enforced.

70 Ark. 1; Kirby's Digest, § 4380. See 6 Am. & Eng. Enc. Law, 937 *et seq.* Remedial statutes are construed liberally to accomplish the object sought. *Id.,* 939. Statutes of limitation are purely remedial, and *a fortiori* are limitations in contracts. 18 Ark. 384; 21 Ark. 287; 56 Ark. 187.

2. By its letter denying liability under the policy, defendant waived proof of death. 53 Ark. 494.

3. An insurance company is bound by the acts and declarations of its agents. 52 Ark. 11; 96 S. W. 365.

*J. W. & M. House,* for appellee.

1. Under the "notice to policy holders," appearing in the policy, the local agent, Gillard, could do no act to waive any right of the company. 54 Ark. 75; 60 Ark. 532; 187 U. S. 236; 76 Ark. 328; 75 Ark. 25. The annual premium due October 30, 1899, was payable only at the office of the company in Cincinnati, or to an authorized agent of the company producing a premium receipt, signed by the president or secretary. 15 S. W. 863; 71 N. W. 668; 56 N. W. 773; 101 Fed. 673.

2. The stipulation in the policy requiring the suit to be brought within one year after the death of the insured was a valid contract, and binding upon the parties. 25 S. E. 189; *Id.* 31; 7 Wall. 386; 24 S. E. 869; 34 N. W. 183; 102 Ia. 112; 103 Ia. 532; 53 N. W. 1104; 110 Ala. 508; 55 Ga. 266; 71 Ill. 620; 66 Mo. 32; 52 Ark. 21; 39 Am. St. 877.

The statute, Kirby's Digest, § 4380, is not retroactive. A statute is never retroactive unless expressly so declared in terms. 10 Ark. 148; *Id.* 512; *Id.* 516; 20 Ark. 293; 24 Ark. 372; 26 Ark. 127; 14 Am. St. Rep. 94; 82 Am. Dec. 696; 87 *Ib.* 240; 90 *Ib.* 438; 67 Am. St. Rep. 735.

BATTLE, J. On the 22d day of October, 1898, the Union Central Life Insurance Company, in consideration of the sum of $73.56 paid, and of that sum to be paid at the home office of the company on the 30th day of October of each year after that date, executed a policy of insurance upon the life of John A. Harbison for the sum of $2,000, to be paid to Millie Wells within sixty days after the receipt of notice and satisfactory proof of the death of Harbison. It was stipulated in the policy that the sum of $73.56 should be paid annually as a premium on the policy,

that is to say, a premuim of $73.56 should be paid at the home office of the company on the 30th day of October of each year after the execution of the policy, and that "the failure to pay any of the first three annual premiums, or any notes, or interest upon notes, given to the company for any premium or part of premium, on or before the days upon which such premiums, notes, or interest become due, shall avoid and nullify the policy without any action on the part of the company or notice to the insured or beneficiary, and all payments made upon the policy shall be deemed earned as premiums during its currency." The policy also contained this stipulation: "No suit to recover under this policy shall be brought after one year from the death of the insured."

The second premium on the policy was due on the 30th day of October, 1899, and no part of the same was paid, and has not since been paid. John A. Harbison, the insured, died on the 23d day of November, 1899, and the action on the policy was commenced on the 19th of September, 1904, more than four years after the death of the insured.

The policy was avoided by the failure to pay the second premium at the time it was due.

This action was barred, it having been brought more than one year after the death of the insured. It was barred before the enactment of the act, entitled "An act to fix the time within which an action may be maintained in the courts of this State on policies of insurance," approved March 12, 1901. The act was prospective, and did not apply to policies executed before its enactment.

Judgment affirmed.