### John B. Mallers v. Crane Company.

1.    BONDS—*When an Acceptance will be Presumed.*—Where a bond for the benefit of a party imposes no burdens upon him and is delivered to his representative for him, and is afterward found in his possession, the acceptance of the bond by him will be presumed.

2.    DEEDS—*When a Delivery will be Presumed.*—If a deed is found in the hands of a grantee, having on its face the evidence of a regular execution, a delivery will be presumed.

3.    PRESUMPTIONS—*Trials by the Court Without a Jury.*—The findings of fact by the trial court, when a cause is tried without a jury, are entitled to the same presumptions as the verdict of a jury, and if there has been any incompetent evidence admitted, the presumption is that the court, in passing upon the issues, ignored it.

Debt, on a bond.    Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding.    Heard in this court at the March term, 1900.    Affirmed.    Opinion filed December 20, 1900.

D. M. KIRTON and C. B. STAFFORD, attorneys for appellant.

ASHCRAFT & GORDON, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment in debt in favor of appellee and against appellant.    The suit was on a bond,

and the judgment was for $8,404.37 debt, $7,443.49 damages. The date of the bond is October 15, 1895, the penalty $8,404.37, and it purports to have been executed by the American Fire Extinguisher Co. and John B. Mallers. The condition of the bond is as follows:

" The condition of this obligation is such that whereas, on the 15th day of October, A. D. 1895, the said American Fire Extinguisher Company granted, sold, conveyed and confirmed unto the same Crane Company the following goods and chattels, to wit:

" 1st.   The claim of the American Fire Extinguisher Company against the Standard Wheel Company of Terre Haute, Ind., for moneys due and to become due shortly for sprinkler equipment and appliances, said claim being not less than $1,790.

" 2d.   The claim of the American Fire Extinguisher Company against the C. Gotzian Company, St. Paul. Minn., for moneys due and to become due shortly for sprinkler equipment and appliances, said claim being not less than $4,916.67.

" 3d.   The claim of the American Fire Extinguisher Company against the David Bradley Manufacturing Company, Bradley City, for moneys due and to become due shortly for sprinkler equipment and appliances, said claim being not less than $1,300.

" And whereas, the said Crane Company has agreed and by these presents does agree and contract with the said American Fire Extinguisher Company that the said claims so assigned are to be settled, liquidated and collected by the American Fire Extinguisher Company in the ordinary course of its business, as if the said goods and chattels were the property of the said American Fire Extinguisher Company.

" And whereas, the said American Fire Extinguisher Company has contracted and agreed and does hereby contract and agree with the Crane Company to collect the moneys due and to become due upon the said claims and to turn over and deliver to the said Crane Company all moneys and payments collected and received by the American Fire Extinguisher Company upon the account of said claims as rapidly as said payments and moneys are received.

" And whereas, the said American Fire Extinguisher Company has agreed and warranted to said Crane Company that the amounts of said claims will not be less than the amounts set forth in the aforesaid bill of sale.

"Now, if it shall appear that the said claims are not less than the amounts so set forth as aforesaid, and if the said American Fire Extinguisher Company shall collect and receive payments and make settlements of said claims in the usual course of business and shall turn over and deliver to the said Crane Company all moneys so received as rapidly as received, then this obligation to be void, otherwise to remain in full force and effect."

The American Fire Extinguisher Company, by written instrument of the same date as the bond, assigned to appellee the accounts mentioned in the condition of the bond, for the expressed consideration of $8,404.37. By agreement of the parties, the cause was tried by the court without a jury.

The assignment of accounts, the accounts and the bond were put in evidence, and there is evidence tending to prove that the American Fire Extinguisher Company collected from the David Bradley Manufacturing Co., October 21, 1895, $500; October 22, 1895, $500; December 4, 1895, $300. There was also evidence tending to prove that at the date of the bond there was not due or to become due, and since said date has not been due or to become due from C. C. Gotzian & Co., or from the Standard Wheel Co., respectively, to the American Fire Extinguisher Co., the amounts mentioned as due and to become due from them, respectively, in the condition of the bond, and also tending to prove that there is nothing due or to become due from either of said companies to the American Fire Extinguisher Company.

The grounds relied on by appellant's counsel for a reversal of the judgment are, that there was no delivery of the bond to appellee; that the obligation of the bond is not that there was an indebtedness of the companies named to the American Fire Extinguisher Company, but only that the latter company had claims against them, and that the court admitted improper evidence for appellee. The evidence shows, without contradiction, that the bond was delivered to Oliver P. Dickinson, the credit man of the Crane Company, October 15, 1895, the day of its date. This is sub-

stantially testified to by Mr. Dickinson; and John B. Mallers, Jr., son of and a witness for appellant, testified that on or about October 15, 1895, he heard Mr. Dickinson say that he wished to take the bond and submit it to his attorney. Appellant's counsel, however, contend that there was no delivery and acceptance such as the law requires. The evidence on the subject is substantially as follows: Charles B. Stafford testified that he was an attorney at law, and as such had acted for appellant; that appellee handed to him an agreement signed by Henry W. Brackett as the manager of the American Fire Extinguisher Co.; that he, the witness, drafted the bond, and it was signed by Mr. Mallers and handed to Mr. Dickinson, who represented the Crane Co., in his, witness', presence; that Mr. Dickinson said he would not take the responsibility of accepting the bond, but would submit it to his attorney, and that he would like to have Mr. Mallers sign it, if agreeable, and he would take it and submit it to his lawyer, and if he should say it was all right, he, Dickinson, would accept it; that in two or three days thereafter Mr. Barnard, attorney for the Crane Company, called on the witness with the bond, and said he was not satisfied with it, and wanted witness to get Mr. Mallers to sign another bond, which he, Barnard, had drafted, and that witness told Barnard to leave the second bond with him, and that he would take it to Mr. Mallers; that subsequently Barnard came to witness' office several times to inquire whether Mr. Mallers had signed the second bond, and witness told him he had not; that while these negotiations were pending the American Fire Extinguisher Company went into the hands of a receiver, and Mr. Mallers refused to have anything more to do with the matter.

John B. Mallers, the appellant, testified that Dickinson came in and looked over the bond which was signed by Brackett and himself, and wanted to take it, and that witness told Mr. Stafford that the bond was signed and that to give it to Dickinson would be a delivery; that Mr. Dickinson said that such would not be the case; that he simply wanted to take it and submit it to his attorney, and if it

was not satisfactory he would return it; that after that interview, there were several other interviews between Barnard, Dickinson, Stafford and appellant in the presence of appellant's son, in every which interview they refused to take the bond, and they notified witness that they did not accept the bond. In his cross-examination witness testified that he objected to the bond being given to Dickinson, as he had not completed his arrangements with the American Fire Extinguisher Company, and that Stafford and Dickinson both informed him that it was only a preliminary movement; that Dickinson wanted to show the bond to his attorney, and that Dickinson took the bond and agreed to return it if it did not suit him.

John B. Mallers, Jr., appellant's son, testified as heretofore stated.

J. H. Barnard, witness for appellee, testified that he took the second bond to Stafford and told him that he, witness, had seen Dickinson, and had prepared a new bond a little different in form, and pointed out the proposed changes; that Stafford looked it over and said he would have Mallers sign it in substitution for the old bond; that witness next saw Mallers and told him about the new bond, and Mallers said that he didn't know of any objection to giving another bond, that he would see Stafford and determine in a day or two.

"Subsequently, Mr. Dickinson and I went to Mallers' office and stated to him that Mr. Stafford saw no objection to the new bond and would like to have him sign it. Mallers said he had signed one bond and given it to us and 'be damned if he would sign another; that is enough.' I said, 'If that is your decision, there is nothing for us to do but to keep the bond we have got;' and I left the office."

No demand or suggestion was made by Mallers that the bond sued on should be returned.

Oliver P. Dickinson testified that he first saw the bond on the day of its date, and that it had then been signed by Brackett as general manager of the American Fire Extinguisher Co.; that he took it to Mr. Mallers' office to get him to sign it, which he did, and gave it to witness; that

witness told him that the bond covered, substantially, the points agreed on, but as he was not a lawyer and the bond might not be strictly correct in some minor points, he would like to submit it to his attorney, and asked Mallers if his attorney should make any suggestions of a minor nature, not affecting the bond materially, if he, Mallers, would object to making the changes; he said he would not; Stafford was present at the time; that in about ten days afterward witness, in company with Barnard, again saw Mallers at his office; that Stafford was there a part of the time; that he, witness, reminded Mallers of his former conversation, but he refused to sign a new bond and said, "You have one bond and that is all I will execute;" and witness said, "If that is all you will do, Mr. Mallers, why we will have to keep what we have got." "When the original bond was delivered to me, Mallers did not, in the least, object to its delivery, nor did he ever suggest its return; and I did not state that I would submit the bond to my attorney, and that if it was not satisfactory I would return it."

John B. Mallers testified in surrebuttal, that he did not say to Dickinson or Barnard that he had given one bond and damned if he would give another, and neither of them said in reply that if such was witness' position they would have to keep what they had.

Mallers Jr., testified that he did not hear Mallers make the remarks or the reply above mentioned.

The bond in question was for the benefit of appellee; it imposed no burden on appellee, and it was delivered to appellee's representative for appellee. In such case the acceptance of the obligee will be presumed. Bryan v. Wash, 2 Gilm. 557, 565.

If a deed is found in the hands of a grantee, having on its face the evidence of regular execution, a delivery will be presumed. Sicard v. Davis, 6 Peters, 124, 137, opinion by Marshall, C. J.; Ward v. Lewis, 4 Pick. 518; Dunn v. Games, 1 McLean, 321; Williams v. Springs, 7 Iredell, 384.

Appellant filed a special plea averring that there was no

execution or delivery of the bond, but that the bond was executed by appellant and received by appellee solely for the purpose of examination, and it was never delivered to or accepted by appellee as a writing obligatory binding on appellant, etc. None of appellant's pleas was verified. Therefore, in view of the fact that the bond was actually delivered to appellee's representative, and has remained in appellee's possession since such delivery, and that it is for appellee's benefit, and in view of the legal presumptions from such facts, the burden was on appellant to prove that there was not an absolute delivery and acceptance. The findings of facts by the trial court, when a cause is tried without a jury, are entitled to the same presumptions as the verdict of a jury. Fisk v. Hopping, 169 Ill. 105.

And the rule in respect to the verdict of a jury is, that the verdict will not be set aside on the ground that it is contrary to the evidence, unless it is manifestly against the weight of the evidence. In the present case the evidence was conflicting on the questions of delivery and acceptance, and the judge of the trial court, who was the judge of the credibility of the witnesses and who saw them, heard their testimony and observed their manner while testifying, had a much better opportunity of judging of their credibility than have we, and we can not hold that the finding of the trial court is manifestly against the weight of the evidence.

The second point made by appellant's counsel is, that the obligation relates to claims and not to indebtedness. Freeman, general manager of C. Gotzian & Co., was asked whether, on October 15, 1895, that company was indebted to the American Fire Extinguisher Company. The question was objected to on the ground that there is a difference between a claim and indebtedness.

The condition of the bond is that the amounts of the claims shall not be less than the amounts set forth in the condition. Attached to each account put in evidence is a statement of the " balance due," with an order on the company or firm owing the account to pay the same to the Crane Company, and oblige American Fire Extinguisher

Company, signed Henry W. Brackett, General Manager. The amounts of the balances so stated are the same as the amounts mentioned as being "due and to become due" in the condition of the bond. The bond, the assignment, and the order on the Crane Company having been made at the same time, and relating to the same subject-matter, must be construed together. So construing them, we think it plain that by the word "claim" the parties meant a valid claim for an actual indebtedness.

The objection is made that certain incompetent and immaterial evidence offered by appellee was admitted. The trial being by the court, without a jury, if there was any such evidence, the presumption is that the court, in passing on the issues, ignored it. Mer. D. T. Co. v. Joesting, 89 Ill. 152; Dorsey v. Williams, 48 Ill. App. 386; Hobart v. Hobart, 53 Ib. 133.

The judgment will be affirmed.