JOHN B. MALLERS

*v.*

THE CRANE COMPANY.

*Opinion filed June 19, 1901.*

CONSTRUCTION—*of word "claim," as used in deed of assignment and bond.* The word "claim," used in a deed assigning certain claims to a creditor to secure an indebtedness and in a bond conditioned that said claims should not be less than the amounts set forth in the deed, must be construed to mean a valid claim for an actual indebtedness, where the language used in the deed and bond in describing each claim is, "claim * * * for money due and to become due shortly for sprinkler equipment and appliances, said claim being not less than" a certain number of dollars.

*Mallers* v. *Crane Co.* 92 Ill. App. 514, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES G. NEELY, Judge, presiding.

Appellee brought an action of debt in the circuit court of Cook county against appellant, as surety for the American Fire Extinguisher Company. Judgment was rendered in favor of the plaintiff for $8404.37 debt, the amount of the bond, and $7443.49 damages. Motions for new trial and in arrest of judgment were overruled and final judgment entered, to which the defendant excepted and prosecuted an appeal to the Appellate Court. That court affirmed the judgment of the circuit court.

On October 15, 1895, the American Fire Extinguisher Company was indebted to the Crane Company in the sum of $8404.37, and on that day executed an assignment to it of three claims. The first of these claims is described in the deed of assignment as "a claim against the Standard Wheel Company of Terre Haute, Indiana, for money due and to become due shortly for sprinkler equipment and appliances, said claim being not less than $1790;" the second as "a claim against the C. Gotzian Company

of St. Paul, Minnesota, for moneys due and to become due shortly for sprinkler equipment and appliances, said claim being not less than $4916.67;" and the third as "a claim against the David Bradley Manufacturing Company, Bradley City, for moneys due and to become due shortly for sprinkler equipment and appliances, said claim being not less than $1300." The deed of assignment provides: "And the said American Fire Extinguisher Company, for itself and its assigns, does hereby covenant to the said Crane Company and its assigns that the said American Fire Extinguisher Company is lawfully possessed of the said goods and chattels as of its own property, and that the same are free from all encumbrances, and that they will, and their assigns shall, warrant and defend the same to said Crane Company and its assigns against the lawful claims and demands of all persons."

The bond sued upon is the obligation of said American Fire Extinguisher Company and John B. Mallers, this appellant, to the Crane Company and its assigns, in the penal sum of $8404.37. The condition of the bond is:

"That whereas, on the 15th day of October, A. D. 1895, the said American Fire Extinguisher Company granted, sold, conveyed and confirmed unto the said Crane Company the following goods and chattels, to-wit:" (then follows a statement of the claims as above stated and set forth in the deed of assignment;) "and whereas, the said Crane Company has agreed, and by these presents does agree and contract with the said American Fire Extinguisher Company, that the said claims so assigned are to be settled, liquidated and collected by the American Fire Extinguisher Company in the ordinary course of its business, as if the said goods and chattels were the property of the said American Fire Extinguisher Company; and whereas, the said American Fire Extinguisher Company has contracted and agreed, and does hereby contract and agree with the Crane Company, to collect the moneys due and to become due upon the said claims and to turn over and deliver to the said Crane Company all moneys and payments collected and received by the American Fire Extinguisher Company upon the account of said claims as rapidly as said payments and moneys are received; and whereas, the said American Fire Ex-

tinguisher Company has agreed and warranted to said Crane
Company that the amounts of said claims will not be less than
the amounts set forth in the aforesaid bill of sale:

"Now, if it shall appear that the said claims are not less
than the amounts so set forth as aforesaid, and if the said
American Fire Extinguisher Company shall collect and receive
payments and make settlement of said claims in the usual
course of business, and shall turn over and deliver to the said
Crane Company all moneys so received as rapidly as received,
then this obligation is to be void, otherwise to remain in full
force and effect.

"Witness our hands and seals, etc.

AMERICAN FIRE EXTINGUISHER CO., [Seal.]
HENRY W. BRACKETT, *Gen. Manager.*
JOHN B. MALLERS.                    [Seal.]"

The breaches assigned in the declaration are, that the
American Fire Extinguisher Company collected $1300
from the David Bradley Manufacturing Company and
failed to turn it over to the plaintiff; and secondly, that
the American Fire Extinguisher Company did not have
any claim or demand against the said Standard Wheel
Company of Terre Haute, Indiana, or against the C. Got-
zian Company of St. Paul, Minnesota.

By his several pleas the defendant denied the execu-
tion of the bond, and averred that the same was never
delivered or accepted by the plaintiff; that the plaintiff
did not permit said extinguisher company to collect said
claims, but stopped and prevented the same; that said
claims were valid and *bona fide* for the amounts set forth,
and that none were collected; that on December 17, 1895,
a receiver was appointed for said American Fire Extin-
guisher Company, who took charge of all of the books
and assets of said company and thereby prevented the
collection of said claims. These several pleas were tra-
versed by replications and issues joined thereon. A jury
was waived by agreement of the parties and both mat-
ters of law and fact submitted to the court.

Upon the trial the following questions were put to a
witness introduced by the plaintiff: "I will ask you to

state whether or not, on the 15th day of October, 1895, C. Gotzian & Co. was indebted to the American Fire Extinguisher Company in the sum of $4916.67?"—which was objected to by counsel for the defendant upon the ground that "there is a difference in a claim and indebtedness." "I will ask you how much was disbursed by C. Gotzian & Co. in completing this contract?"—which was objected to as immaterial. The plaintiff also offered in evidence a copy of the account of disbursements made by the Standard Wheel Company on contract with the American Fire Extinguisher Company, which was objected to as immaterial. Each of these objections was overruled and exceptions taken.

Of the propositions of law submitted to the court by the defendant and refused was the sixth, as follows: "The court holds, from the evidence, that the bond in question does not obligate the defendant to the extent that the claims specified in said bond were actually existing obligations of indebtedness due or to become due the American Fire Extinguisher Company, but only that the said company has claims, either actual or which it really and in fact alleged to exist in good faith, as stated in said bond."

CHARLES B. STAFFORD, (JOHN P. WILSON, of counsel,) for appellant.

ASHCRAFT & ASHCRAFT, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

It is insisted as a ground of reversal here that the bond sued on was never delivered and accepted. This was a controverted question of fact at the trial upon which the evidence was conflicting, and is settled adversely to the appellant by the judgment of affirmance in the Appellate Court.

A second ground of reversal insisted upon is, that by its rulings upon the foregoing proposition of law and

the admission of the evidence objected to the trial court erroneously held that "by the word 'claim' the parties meant a valid claim for an actual indebtedness." It may be conceded that the word "claim" generally has a different meaning from the word "indebtedness," but we entertain no doubt that as used in this bond, in connection with the deed of assignment, the parties used it in the sense of an indebtedness due the American Fire Extinguisher Company from the several parties named. Both in the bond and deed of assignment the language is: "The claim of the American Fire Extinguisher Company, etc., for moneys due and to become due shortly for sprinkler equipment and appliances, said claim being not less than $1790," etc. A claim for money due and to become due for property sold, of not less than a certain amount, fairly construed means a claim of indebtedness due and to become due for the property sold, and by the condition of the bond here sued on it was agreed that it should only be void and of no effect provided it should appear "that the said claims are not less than the amounts so set forth as aforesaid." The purpose of the American Fire Extinguisher Company in assigning the claims to the Crane Company was to satisfy and extinguish an indebtedness due from the former to the latter. To say that the parties intended by the deed of assignment and bond mere claims, and not an existing indebtedness, seems to us unreasonable and to make the whole transaction but an idle ceremony. We think the circuit court properly refused to hold the sixth proposition of law, and that it did not err in admitting the evidence objected to by defendant.

An attempt is made to raise a question of variance between the allegations of the declaration and the proofs, but no such question was properly raised upon the trial and therefore is not open to review here.

We find no reversible error in this record. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*