ST. LOUIS SOUTHWESTERN RAILWAY COMPANY *v.* HAYNIE.

Opinion delivered July 5, 1915.

1.   CARRIERS—FREIGHT RATES—RESTRICTED AND UNRESTRICTED CONTRACTS. —Where a carrier shipped freight under both restricted and unrestricted contracts, and when such rates have been established by the carrier, a shipper is put on notice of both, and can not escape the provisions of the restricted contract, on the ground that the carrier's agent did not notify him of the other contract and rate.

2.   CARRIERS—INTERSTATE SHIPMENT OF FREIGHT—RESTRICTIONS AS TO LIABILITY.—Restrictions in a contract for the shipment of interstate freight, limiting the carrier's liability, unless the shipper gave certain notice of a loss, and commenced an action within a certain period of time, held valid and binding.

Appeal from Ouachita Circuit Court; *C. W. Smith.* Judge; reversed.

*Edw. A. Haid* and *Gaughan & Sifford,* for appellant.

1.   All the shipments were interstate shipments, under contracts known as "Limited Liability" contracts.

Written notice was required of loss, and action required to be brought within six months. Neither clause was complied with. There were two rates, either of which were optional with the shipper. Both provisions are reasonable. 57 Ark. 112; *Ib.* 127; 54 *Id.* 223; 101 *Id.* 436; 111 Ark. 102; 129 S. W. 181; 101 Ark. 310; 227 U. S. 657.

*J. W. Warren,* for appellee.

1. Appellee was entitled to an unrestricted contract. The limitations and restrictions were invalid. 81 Ark. 469; 6 Cyc. 506.

McCULLOCH, C. J. This is an action against a common carrier to recover damages on certain shipments of cattle from Camden, Arkansas, to East St. Louis, Illinois. There were three separate shipments, and a small amount of damage is claimed on account of each. The total sum claimed by the plaintiff was $96.12, and on trial of the case, the jury assessed damages in the sum of $60 in favor of the plaintiff. The damage to the cattle arose principally from delay in the first shipment, which is shown to have resulted in a loss by reason of depreciation in the market and shrinkage in weight of the cattle. There is evidence sufficient to sustain the recovery for the amount awarded by the jury.

Each of the bills of lading contained a stipulation to the effect that as a condition precedent to the collection of any damage for loss and injury covered by the contract, the shipper should "give notice in writing of the claim therefor to some general officer or to the nearest station agent of the carrier, or to the agent at destination, or to some general officer of the delivering line;" and that no action against the carrier for the recovery of damages arising under the contract should be sustainable "unless such action or suit be commenced within six months next after the cause of action shall occur." It is undisputed that neither of these stipulations were complied with, and the only question presented on this appeal is whether or not the stipulations are valid and binding upon the parties. The shipments constituted interstate commerce, and the contract with reference thereto must be tested in the light of the Federal laws on the subject.

"The validity of any stipulation in such a contract which involves the construction of the statute," said the Supreme Court of the United States in *M., K. & T. Ry.* v. *Harriman,* 227 U. S. 657, "and the validity of a limitation upon the liability thereby imposed is a Federal question to be determined under the general common law, and, as such, is withdrawn from the field of State law or legislation."

In the same case the Supreme Court of the United States said: "The policy of statutes of limitation is to encourage promptness in the bringing of actions, that the parties shall not suffer by loss of evidence from death or disappearance of witnesses, destruction of documents or failure of memory. But there is nothing in the policy or object of such statutes which forbids the parties to an agreement to provide a shorter period, provided the time is not unreasonably short. That is a question of law for the determination of the court."

It is not contended that either of the stipulations mentioned above are unreasonable, but the correctness of the court's ruling in rendering judgment against the carrier is defended on the ground that the plaintiff was not given the right to ship his live stock under an unrestricted contract. One of the plaintiffs testified that he accepted the contract that was offered to him by the railroad agent. The undisputed evidence in the case is that there were two rates established by the carrier; one (the higher rate) under an unrestricted contract as to the liability of the carrier, and the other (the lower) limiting the liability in certain respects. The contract under each of the rates, however, contains the same stipulation with reference to giving notice, and the time within which an action may be brought.

(1)   So far as the failure of the agent of the carrier to offer the plaintiff the unrestricted contract under the higher rate, is concerned, it is sufficient to say that the rate had been established by the carrier, and it was the duty of the plaintiff to take notice of it and to ask for the unrestricted contract if he desired to take advantage of it. In order to bind the plaintiff to the contract which

he accepted, it was not necessary for the agent to call his attention to the other rate, and to expressly offer it to him.

In *St. Louis & S. F. Rd. Co.* v. *Pearce,* 82 Ark. 353, we said: "It was improper to permit the plaintiffs to testify that they signed the contract without reading it, and that the agent did not inform them that there was another rate under a contract of unrestricted liability. The agent was not bound to so inform them unless requested to do so, as information was obtainable from other sources provided by law; and unless the agent refused, upon demand, to accept the shipment at another rate under a contract for unrestricted liability, there is no reason for holding the contract to be void, as this court has held that the contract is valid and binding where it is not forced upon the shipper."

(2) Nor does the fact that the special stipulations mentioned above were embraced in both contracts—in other words, the fact that the stipulations were not based on some additional consideration, such as a lower rate—affect the validity of the same. Those stipulations do not constitute restrictions upon the liability of the carrier, but are established merely as reasonable regulations for the government of the parties in performing the contract and in enforcing their rights thereunder. *St. Louis & S. F. Rd. Co.* v. *Keller,* 90 Ark. 308; *M. & N. A. Rd. Co.* v. *Ward,* 111 Ark. 102. In that respect those stipulations are unlike one which contains a contract for a reduction of the amount to be recovered, or the degree of care, or one, in fact, which affects in any other particular the liability of the carrier but, as we said in the *Keller* case, *supra,* the validity of such regulations as this depends upon their reasonableness, and not upon the question whether or not there is a consideration therefor, inasmuch as the stipulations are founded upon the considerations of the contract of shipment.

Counsel for plaintiff rely upon the decision of this court in the case of *St. Louis & S. F. Rd. Co.* v. *Wells,* 81 Ark. 469, where we said that the special contract, being found to be invalid on account of having been forced upon

the shipper without giving him an opportunity to ship under an unrestricted contract, ''all question as to limitation as to value of the property and the time for bringing the action passed out of the case." In that case, however, the railroad company sought to defend under a contract which was void because it had been in fact forced upon the shipper, and no opportunity was given the shipper to take advantage of an unrestricted contract with respect to the liability of the carrier. It was shown that that particular writing was not enforceable for the reason that the shipper had been compelled to take it and surrender his substantial common law rights against the carrier. Therefore it was proper to say that, as the contract was found to be void on that account, all those provisions passed out of the case.

Such is not the present case, however, for it appears that the carrier had two rates, either of which the shipper might have taken advantage of; and since he accepted, without further inquiry, the contract for restricted liability, he is bound by it.

The judgment is therefore reversed and the cause dismissed.