[Civ. No. 3165.  First Appellate District, Division One.—December 12, 1919.]

## ROSE I. RECHTSTEINER, Appellant, v. NATIONAL SURETY COMPANY OF NEW YORK (a Corporation), Respondent.

[1] Bonds—Time for Commencement of Action—Six Months' Limitation Reasonable.—A stipulation in a building contractor's bond that no suit or action shall be instituted in any event later than six months after the date or time fixed in the contract for the completion of the work therein, is not in and of itself unreasonable.

[2] Id.—Delay in Instituting Action—Insufficient Excuse.—Delay by the owner in instituting an action on such bond beyond the period therein provided was not excused by reason of the claim by plaintiff that she was not able to ascertain the amount of damages sustained until the entry of judgment in the consolidated lien foreclosure action, where the last claim of lien was filed more than three months before the time limited by the bond for the commencement of the action and there was no showing that the delay in the commencement of the action on the bond was unavoidable, or that any diligence was used in ascertaining her damages.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Smith & Breslin for Appellant.

Allen & Weyl for Respondent.

WOOD, J., *pro tem.*—This is an action brought by the owner of a building against the surety on the contractor's bond. The bond was conditioned that the builder would indemnify the owner against loss or damage directly caused by reason of the failure of the builder to perform his contract. The owner completed the work after it was abandoned by the contractor, and filed the proper notice of cessation of labor. Thereafter sixteen claims of lien were filed, two of which were subsequent to the expiration of thirty days after the notice. Suits for foreclosure were brought upon all these claims, and consolidated into one action. Although the bond in question explicitly provides that no right of action shall accrue upon it for the use or benefit of any person other than the owner of the building, the Surety Company was made a party to such consolidated action. All parties therein at some time, the date of which does not appear, agreed upon and stipulated in writing to all the facts, and that all the liens were filed for record within the time prescribed by law. Judgment in the consolidated action was entered for $3,155.33 more than eighteen months after the time fixed in the building contract for its completion. It was paid upon the filing of the cost bill. The owner had left in her hands after she had completed the contract $775.96 only of the original contract price with which to satisfy the judgment, and her damages were the amount she paid in excess of such sum to effect such satisfaction.

There is an express stipulation in the Surety Company's bond that no suit or action shall be instituted in any event later than six months after the date or time fixed in the contract for the completion of the work therein. In accordance with this provision the trial court held that this action was brought too late, and rendered judgment against the plaintiff.

The questions involved upon this appeal, as stated by appellant, are:

First. Is the six months' limitation provided in the bond an unreasonable one in an indemnity bond of this character.

Second. Was the plaintiff's delay in commencing the action unavoidable, and should not the limitation commence to run only from the time of her loss or damage, that is, at the time when the claims were established by judgment of the court or paid?

[1] Appellant does not seem to seriously rely upon the first point. The cases of *Tebbets* v. *Fidelity & Casualty Co.,* 155 Cal. 138, [99 Pac. 501], and *Appel* v. *Cooper Ins. Co.,* 76 Ohio St. 52, [10 Ann. Cas. 821, 10 L. R. A. (N. S.) 674, 80 N. E. 955], each of which cites numerous authorities involving similar time limitations, apparently answer the question in the negative. In fact, no case has been referred to where it has been held that a stipulation limiting the time for the bringing of an action was in and of itself unreasonable.

[2] As to the second point, the appellant relies upon cases where the rule has been declared "that if with proper diligence it happens in a particular case that the loss cannot be legally ascertained in time to bring the action within the limitation fixed in the policy, then the time will not commence to run until such damage is ascertained." One of these cases is that of *Sheard* v. *United States Fidelity & Guaranty Co.,* 58 Wash. 29, [107 Pac. 1024, 109 Pac. 276], upon which appellant places principal reliance for a reversal here. The Sheard case was brought upon a bond that limited the time for commencement of an action to about three months after the time fixed in the contract for the completion of the work. The work was not completed until more than three months after the time limit in the bond, and the last lien was filed four months and seven days later. The action on the bond was commenced two years and six months after such limitation had expired, but within thirty days after judgment on appeal was rendered in the lien suits. The Washington court held that to determine whether the limitation was reasonable and valid it was necessary to consider the bond, the contract, and the facts in the particular case; and that so considered the limitation in that case was unreasonable. We cannot see that the Sheard case is applicable to this one. The only excuse of-

fered in appellant's complaint or at the trial for the delay in the commencement of this action was "that judgment in the consolidated lien action was not entered in the judgment-book until May 23, 1916, and that she [plaintiff] was unable until the entry of such judgment and the service of all the cost bills to ascertain the amount of the damages she had sustained. The six months' limitation in the bond for the commencement of an action expired March 28, 1915. The last lien was filed three months and nine days prior, or two months and five days after the owner filed notice of cessation of labor for record. With one exception all the other liens were filed before November 14, 1914. For aught that appears to the contrary here these lien suits might have been brought and consolidated, and the written stipulation as to the facts agreed to and signed by all the parties, within a few days after the filing of the last lien, and more than three months before the time limited by the bond for the commencement of the action. The record is silent as to the time when any of the lien actions were commenced, or when they were at issue, or when consolidated, or when set for trial; or when the stipulation as to the facts was made or filed. There is no attempt in the record to show that plaintiff used any diligence in pressing the cases to an entry of judgment as she could have done as a party defendant. Indeed, it does not appear why she could not have paid the liens without judgment, inasmuch as the Surety Company and all the parties had signed a writing stipulating to all the facts in the consolidated case.

The appellant has failed to show that her delay in the commencement of this action was unavoidable, or that any diligence was used in ascertaining her damages. The judgment should be affirmed, and it is so ordered.

Waste, P. J., and Kerrigan, J., concurred.