PHILLIPS *v*. MOSAIC TEMPLARS OF AMERICA.

Opinion delivered June 5, 1922.

1. INSURANCE—PROSPECTIVE STATUTE—Acts 1917, p. 2087 (Crawford & Moses' Dig. § 6071), providing that fraternal benefit societies shall be exempt from all provisions of the insurance laws unless they be expressly designated therein, is prospective and applies only to policies thereafter issued.

2. INSURANCE—BENEFIT CERTIFICATE—LIMITATION — Crawford & Moses' Dig., § 6153, providing that an action on an "insurance policy" may be maintained against the company issuing it at any time within the period prescribed by law for bringing action on promises in writing, and declaring that any stipulation in such policy requiring an action to be brought within any shorter time or be barred shall be void, does not apply to benefit certificates, and a limitation in a benefit certificate requiring suit to be brought within one year after the cause of action accrued was valid.

Appeal from Nevada Circuit Court; *George R. Haynie*, Judge; affirmed.

*J. D. Shackleford*, for appellant.

The stipulation in the policy shortening the time within which suit may be brought is squarely in the face of sec. 6153, C. & M. Digest.

*Scipio A. Jones* and *Carmichael & Brooks*, for appellee.

Section 6153, C. & M. Digest, is supported, so far as fraternal benefit societies are concerned, by sec. 6071, C. & M. Digest, and the limitation in the policy as to time of bringing suit is controlling. 78 Ark. 32.

SMITH, J. This is a suit on a benefit certificate issued June 11, 1914, on the life of Virgil Godbolt by appellee, a mutual fraternal insurance company. The insured died December 8, 1918, and under the terms of the certificate a cause of action accrued thereon ninety days thereafter. The certificate required the suit to be brought within one year after the cause of action accrued; but the suit was not commenced until March 27, 1920. A verdict was directed against the plaintiffs; and that action of the trial court is defended upon the ground, among others,

that the cause of action was barred when the suit was instituted; and as we think this point is well taken we do not consider the other defenses raised.

Appellants insist that the cause of action is not barred, because of the provisions of section 6153, C. & M. Digest, that an action may be maintained on a policy of insurance against the company issuing it at any time within the period prescribed by law for bringing actions on promises in writing, and that "any stipulation or provision in any such policy of insurance requiring such action to be brought within any shorter time or be barred, shall be and the same is hereby declared to be void." The section quoted is a part of the act of March 12, 1901 (Acts 1901, p. 93).

Counsel for appellee insist that the section quoted has no application to the policy sued on, because of section 6071, C. & M. Digest, which provides that fraternal benefit societies shall be exempt from all provisions of the insurance laws of the State, unless they be expressly designated therein; and that, as they are not so designated in section 6153, they are not subject to its provisions.

Section 6071 is prospective and applies only to policies thereafter, and not to those theretofore, issued. *Mosaic Templars of America* v. *Bean,* 147 Ark. 24. See also, *Wells* v. *Union C. L. Ins. Co.,* 81 Ark. 145.

Section 6071, C. & M. Digest, is a part of the act of March 28, 1917 (Acts 1917, p. 2087); and it does not apply, therefore, to the benefit certificate in suit for the reason, as stated, that it was issued June 11, 1914.

We think, however, that section 6153, C. & M. Digest, does not apply to the benefit certificate sued on, and that the limitations as to the time within which suit might be brought is valid. This is the effect of the decision in the case of *Knights of Maccabees* v. *Anderson,* 104 Ark. 417. In that case a judgment had been rendered, under the authority of section 6155, C. & M. Digest, (act March 29, 1905, Acts 1905, p. 307), for attorney's fees in a suit on a benefit certificate issued by a fraternal beneficiary associ-

ation. That section provides that, in all cases where loss occurs, and the *insurance company* liable therefor shall fail to pay the same within the time specified in the policy, after demand made therefor, such company shall be liable for an attorney's fee upon judgment being recovered on the policy. Construing that section in the case of *Knights of Maccabees* v. *Anderson, supra,* the court said: "The appellant is a fraternal beneficiary association, and was doing business in pursuance of sections 4351 *et seq.* of Kirby's Digest. The act of 1905 imposing damages and attorney's fees upon insurance companies under certain conditions only applies to fire, life, health and accident insurance companies; and the question is, whether a fraternal beneficiary association issuing certificates of insurance upon the lives of its members is an insurance company within the terms of said act. It has been held that this act is highly penal, and does not apply to any loss or company not therein expressly named. * * * By the act of the General Assembly of Arkansas, approved May 8, 1899, it is provided in reference to fraternal beneficiary orders of the character of appellant, that 'such orders, societies or associations shall be governed by this act, and shall be exempt from the provisions of all insurance laws of this State, and no law hereafter passed shall apply to said societies, orders or associations unless it be expressly designated therein.' Kirby's Digest, sec. 4352. * * * A benefit society, such as appellant's order, has a dual nature; while it is a business organization, it is also a social organization or club of congenial associates. In the majority of the States such societies are exempted from the operation of laws applicable to stock insurance companies. The Legislature enacting the statue of 1905 knew of the provision of the prior statute exempting these societies and orders from the provisions of laws relating to stock insurance companies. By failing to expressly name such societies, orders or associations in the act of 1905, we are of the opinion that it was the intention of the Legislature not to make said act applicable to them.

See also Cooley's Briefs on the Law of Ins., 3886; *Supreme Council American Legion of Honor* v. *Larmour,* 81 Tex. 71.''

The portion of section 4352, Kirby's Digest, quoted above, is substantially copied into the act of March 28, 1917, *supra,* as section four of that act, and is found in Crawford & Moses' Digest as section 6071.

In the case of *Knights of Maccabees* v. *Anderson, supra,* this court followed the decision of the Supreme Court of Texas in construing section 6155, C. & M. Digest, as the statute was borrowed from Texas; but it appears from the language quoted that this was but an addittional reason for the construction given the statute, as the same construction was placed upon it by this court upon a consideration of our own legislation on the subject.

Sections 6155 and 6153, C. & M. Digest, apply only to insurance companies. The sections are alike in that respect, and as the Anderson case, *supra,* held that fraternal benefit societies are not insurance companies within the meaning of section 6155, it must be held that they are not insurance companies within the meaning of section 6153.

If section 6153 does not apply, then the limitation as to the time within which suit must be brought contained in the benefit certificate is valid and must be given effect. *McCulloch* v. *Mutual Reserve Fund Life Assn.,* 78 Ark. 32. The court below, therefore, properly held that the action could not be maintained, and the judgment is affirmed.