LIEBE *v.* SOVEREIGN CAMP WOODMEN OF THE WORLD.

4-7029                                                      170 S. W. 2d 370

Opinion delivered March 22, 1943.

*Madison K. Moran,* for appellant.

*Rainey T. Wells* and *Walls & Walls,* for appellee.

McHANEY, J.   Isom R. Liebe, in his lifetime, held a life insurance policy or a beneficiary certificate issued by appellee in the sum of $1,000 issued August 10, 1921. He was required to pay and did pay monthly assessments on this policy, in addition to camp dues of $1.22, up to and including February, 1934.   Appellee thereafter advanced twelve monthly installments which carried the insurance through February, 1935.   He made no further payments and died July 11, 1939.. On July 2, 1940, appellant, his widow, as beneficiary, brought an action on the policy or certificate in the court of a justice of the peace of Lonoke county seeking to recover the amount of the paid up insurance due under the policy held by her husband, which amount she alleged to be $180.   Appellee demurred and also answered denying liability for such paid up insurance.   On October 2, 1940, appellant took a non-suit in the justice court.   On April 2, 1941, appellant brought this action on the policy and prayed judgment for the full amount of the death benefit, alleged to be $939.36.   On September 4, 1941, she amended her complaint, alleging she was entitled either to the paid up insurance or the full amount of the death benefit.   Appellee demurred to the complaint, to the amendment, and filed a special plea

of contractual limitations in the policy of one year, and setting out that more than a year had elapsed from the date of insured's death until the filing of the action in the Pulaski circuit court, in bar of the action. The policy contains this contractual limitation: "No legal proceedings for recovery under this certificate shall be brought within 90 days after receipt of proof of death by the Sovereign clerk, and no suit shall be brought upon this certificate unless said suit is commenced within one year from the date of death."

The amendment to the complaint alleged that appellant had previously, on July 2, 1940, brought the suit above mentioned in the justice court of Lonoke county, that she had taken a non-suit and that, within a year from the date of the non-suit, this action was filed. A transcript of the proceedings in the justice court was exhibited with the amendment. The trial court sustained the demurrers and, "the special plea that said cause is barred by contractual limitation," and dismissed the complaint and amendment. This appeal followed.

Section 1485 of Pope's Digest provides that: "An action may be dismissed without prejudice to a future action: First. By the plaintiff before the final submission of the case to the jury, or to the court, where the trial is by the court." This was § 402 of the Civil Code. Section 7669 of Pope's Digest, under "Insurance," provides: "In all actions against insurance companies upon policies of insurance issued by them, if the plaintiff shall suffer a non-suit, . . . such plaintiff may commence a new action from time to time within one year after non-suit suffered; . . . and no stipulation contained in any policy of insurance shall avail to deprive the plaintiff in such action of any of the benefits of this section, but the same shall apply to the limitation of the time of suing stipulated for in the policy of insurance." A third provision for a new suit after non-suit is contained in § 8947, which is digested under limitation of actions, and provides that if any action be commenced within the period of limitations therein prescribed, and a non-suit is suffered, a new suit may be commenced within one year after such non-suit.

Appellant contends that either or all of these sections apply here, "because there is nothing in the contract or policy in regard to non-suits and if the contract does not prohibit a non-suit and a new suit, then the law applies, because any rights that appellant should have under the law would be granted to her, if it was not otherwise provided for in the contract."

The limitation clause in the policy above quoted would be void under § 7668 of Pope's Digest, but for the provisions of § 7857 excluding fraternal benefit societies from all the provisions of the insurance laws of the state, and our holdings in such cases as *Phillips* v. *Mosaic Templars,* 154 Ark. 173, 241 S. W. 869, and *Grand Lodge* v. *Cothran,* 190 Ark. 234, 79 S. W. 2d 438. In the latter case the limitation in the policy was six months and we sustained it as reasonable.

The limitation clause in the policy here involved is that suit must be commenced within one year from the date of death. That was done when the action was begun in the justice court. Nowhere in the policy is there a provision relating to the bringing of another action after non-suit is suffered on an action brought within the limitation, and we think, in the absence of such a provision, the law gives the right to a new action on the contract within one year from the date of non-suit, just as it does in other civil actions. Insurance contracts are construed most strongly against the insurer. We see no valid reason why the general provisions, relating to a new action after non-suit suffered, should not apply to appellee, since appellee failed to exclude it in its policy. If it had desired to exclude any such action after non-suit, it could have so provided in the policy. Not having done so the statute applies.

It is also insisted by appellee that the action here involved is not the same as that in which the non-suit was taken, and that they must be the same. This point is not well taken because both suits were based on the same contract. The purpose of each was to recover under the policy. The amount sued for was unimportant.

The court, therefore, erred in its judgment of dismissal, and the cause is remanded for further proceedings.