CALLISTER, C. J., and TUCKETT, HENRIOD and CROCKETT, JJ., concur.

484 P.2d 156

Clair R. LISTER, Ben Boyce, Evan J. Lister and Carlisle Johnson, Plaintiffs

and Appellants,

v.

GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, Defendant
and Respondent.

No. 12133.

Supreme Court of Utah.

April 20, 1971.

Michael W. Park, of Burns & Park, Cedar City, for plaintiffs and appellants.

Stephen B. Nebeker, of Ray, Quinney & Nebeker, Salt Lake City, for defendant and respondent.

CALLISTER, Chief Justice:

Plaintiffs appeal from a summary judgment dismissing their claims for wages and services against a corporate surety, the defendant, on the ground that they had not filed their action within the time required under the terms of the bond.

On March 6, 1961, J. H. Wardle Company entered into a subcontract with R. J. Daum Construction for certain construction work at Mercury, Nevada. In compliance with the terms of the subcontract, Wardle procured a corporate surety bond. Great American Insurance Company was the surety, Wardle the principal, and Daum the obligee. A provision in the bond specified that it should inure to the direct benefit of every material man, subcontractor or mechanic or other person or concern that may furnish materials or perform labor, and that such person should have *a direct cause of action* against the *principal and surety* therein. Another provision of the bond specified:

No action, suit or proceeding shall be had or maintained against the Surety under this bond unless it shall be brought or instituted and process served upon the Surety within six (6) months after the Principal shall have ceased performing the work specified in the contract and in no event after six (6) months subsequent to the date, time or period fixed in the contract for the completion of the work specified therein.

Wardle completed its work in January of 1962; all work on the project was completed and accepted on March 19, 1962. Plaintiffs filed the instant action on August 11, 1966. Defendant pleaded in the alternative the six-month contractual limitation period or a one-year statutory period. All parties moved for summary judgment and defendant's motion was granted.

Plaintiffs assert that defendant waived the limitation provision and was estopped to plead it as a defense.

The Insurance Adjustment Company was contacted by defendant to adjust plaintiffs' claims. On January 12, 1962, the adjuster was notified by the obligee, Daum, of plaintiffs' claims. By a letter dated February 8, 1962, plaintiffs' counsel submitted an itemized list of claims, totaling $2,648.78, to Wardle; a copy of the letter was sent to the adjuster. The adjuster responded on March 14, 1962, that the accounts of Wardle had been reviewed, and he specified the amounts which had been determined due and owing for wages. He requested further information concerning the claim for a truck rental, specifically, proof that it was used on the project covered by the bond. He stated: "If these balances are correct and are acceptable to your clients, please advise and we shall pass the claims on for immediate consideration for payment. * * *"

Plaintiffs filed an action against Wardle on March 21, 1962; for reasons unknown, they did not join the surety as they were so entitled under the provisions in the bond. On June 12, 1962, a judgment by default was rendered in plaintiffs' favor against Wardle in the sum of $4,726.37 plus costs.

The adjuster sent a letter, dated October 16, 1962, to plaintiffs' counsel, wherein reference was made to the prior letter of March 21, 1962, and the amounts which the surety considered were due and owing for the claimed wages were again specified. The letter was concluded with a statement: "Payments of these accounts has been approved by J. H. Wardle and the *Great American Insurance Company,* and we are prepared to forward to you checks for the amounts listed above. Kindly advise if these amounts are acceptable." (Emphasis added.)

Thereafter, on December 12, 1962, plaintiffs filed an action against the adjuster, Insurance Adjustment Company, alleging that it had issued the bond to Wardle; summary judgment on this action was granted to the adjuster on August 1, 1966.

■ Plaintiffs urge that the foregoing facts are sufficient to support a waiver of the contractual limitation period.

And estoppel will result where the surety by its words, acts and conduct leads the other party to believe that it would acknowledge and pay the claim, if, after investigation, the claim was found to be just, but when, after the time for suit has passed, breaks off negotiations and denies liability and refuses to pay.[1]

In Phillips Petroleum Company v. United States Fidelity & Guaranty Company [2] the court observed that to estop a person from pleading a limitation period, it is sufficient if his conduct or promises are such as are naturally calculated to and do induce plaintiff into a belief that his claim would be adjusted if he did not sue.

In the instant action, plaintiffs were informed in March of 1962 that the accounts of the principal, Wardle, had been reviewed and the precise amounts which the surety would be willing to pay. Plaintiffs' response was to file an action against Wardle; they merely failed to join the surety in this action. There is no evidence to sustain plaintiffs' contention that they, in reliance on the conduct and promises of defendant that it would pay their claims, abstained from filing their action.

■ Plaintiffs further contend that the trial court erred in failing to grant their motion for summary judgment because the six-month contractual limitation period in the bond was void under Section 31–19–19, U.C.A.1953. Defendant urges that the bond was a contract of suretyship and not of indemnity and was therefore not subject to the regulatory provisions of the Insurance Code, Title 31, U.C.A.1953.

Defendant's contention cannot be sustained. Section 31–1–10, U.C.A.1953, pro-

---

1. 20A Appleman, Insurance Law and Practice, 1970 Pocket Parts, Sec. 11691, p. 29.

2. Okl., 442 P.2d 303, 308 (1968).

**14**

vides that "insurer" includes every person engaged as an indemnitor, surety. Section 31–11–8 provides that surety insurance includes guaranteeing and executing bonds, undertakings, and contracts of suretyship. Section 31–11–1, as amended 1967, provides the necessary requirements of paid-in capital and surplus for companies in the business of suretyship insurance. Chapter 24 of Title 31, provides regulations specifically concerning surety companies. We are compelled to conclude that Title 31 regulates both contracts of indemnity and suretyship.

■ Section 31–19–19, U.C.A.1953, provides:

(1) No insurance contract * * * shall contain any condition, stipulation, or agreement

\*  \*  \*  \*  \*  \*

(c) limiting right of action against the insurer to a period of less than one year from the time when the cause of action accrues in connection with all insurances other than property and marine and transportation insurance. In contracts of property insurance, or of marine and transportation insurance such limitation shall not be to a period of less than one year from the date of the loss.

(2) Any such condition, stipulation, or agreement shall be void, but such voiding shall not affect the validity of the other provisions of the contract.

Defendant in its plea and subsequent argument cited Section 31–19–35, U.C.A.1953, which provides:

Any insurance policy, rider, or endorsement hereafter issued and otherwise valid, which contains any condition or provision not in compliance with the requirements of this code, shall not be rendered invalid thereby, but shall be construed and applied in accordance with such conditions and provisions as would have applied had such policy, rider, or endorsement been in full compliance with this code.

Plaintiffs contend that the entire provision containing the period of limitation was void; and, therefore, their action was not barred although it was filed four years and seven months after the principal, Wardle, completed performance of the construction contract. Although they do not so suggest, we assume that they contend that the six-year limitation of Section 78–12–23(2), U.C.A.1953, for actions on a contract, obligation, or liability upon an instrument in writing was applicable.

Defendant, on the other hand, vigorously urges that Sections 31–19–19 and 31–19–35, U.C.A.1953, should be construed together, and the contractual limitation period should be a period of one year in accordance with the requirements of Section 31–19–19.

The entire provision in the bond limiting the period in which plaintiffs could file

their cause of action is not in violation of the Code, it is the six-month designation that is not in accordance with the statutory mandate; therefore, the six-month limitation should be construed and applied as if it specified one year.[3]

A person seeking to hold a surety must act promptly. Consequently, reasonable provisions limiting the time for suit upon a bond usually are held valid and compliance with such provisions is essential to recovery.

\*    \*    \*    \*    \*    \*

Where a contractual provision is invalid or inapplicable, the statutory period will control.[4]

The judgment of the trial court is affirmed; costs are awarded to defendant.

TUCKETT, HENRIOD and CROCKETT, JJ., concur.

ELLETT, Justice (concurring in the result):

I concur in affirming the judgment of the trial court; however, I prefer to base my concurrence on somewhat different grounds from those stated in the prevailing opinion.

I am unable to see any connection in this case with the law of insurance. This matter involves the law of suretyship only and the fact that the bond was written by an insurance company does not inject insurance law into the case. An insurance contract is one whereby one undertakes to indemnify another against loss, damage or liability arising from an unknown or contingent event. A contract of surety on the other hand is one whereby the surety promises to answer for a debt, default or miscarriage of another. One company may be qualified to write a policy of insurance and also to issue a surety bond, but the same law does not apply to the two transactions.

A case in point is that of Meyer v. Building & Realty Serv. Co. (1935), 209 Ind. 125, 196 N.E. 250, 100 A.L.R 1442, which was an action upon a building contract and the contractor's bond The bond contained a provision that "Legal proceedings for recovery hereunder may not be brought unless begun within twelve months from the time of the discovery of the act or omission of the principal on account of which claim is made."

The appellant claimed the limitation was void by reason of a statute which prevented any insurance company from requiring suit

---

3. See Ross v. Producers Mutual Insurance Company, 4 Utah 2d 396, 295 P.2d 339 (1956).

4. 20A Appleman, Insurance Law and Practice, Sec. 11683, pp. 72, 74.

to be brought within a period of less than three years.

In holding that suit must be commenced within 12 months, the court said: " * * * [W]hen the courts are dealing with the rights, remedies, and defenses of surety, the rules of insurance furnish no help. * * * While insurance contracts are in many respects similar to surety contracts, yet there is a very wide difference between the two kinds of contracts."

The bond in question here was given to cover a construction contract in the state of Nevada under a contract with the government of the United States of America. One would think the laws of Nevada would control the interpretation and construction to be placed upon the provisions of the bond.[1]

Rule 44(f), U.R.C.P. permits the courts of Utah to consult the statutes of other states in order to ascertain what the law therein is. Section 339.035 of the Nevada Revised Statutes provides that laborers and materialmen who furnish labor or material in the prosecution of work covered by a bond such as the one involved herein may bring an action on such bond. However,

Section 339.055 N.R.S. contains the following limitation:

2. No such action may be commenced after the expiration of 1 year from the date on which the claimant performed the last of the labor or furnished the last of the materials for the payment of which such action is brought.

The six months limitation for bringing an action thus would conflict with the above statute and must be ignored. Even if the Nevada statute had no application to this matter, we would have the simple question of whether the contract provision limiting the time to sue is reasonable.

These plaintiffs are third-party beneficiaries under the contract of suretyship as made. Many courts have considered the matter and have held that a provision in the bond limiting the time to sue thereon is valid even though such limitation is less than the period fixed in the statute regarding the general statute of limitation, provided it is not unreasonably short.[2]

Since this action was not commenced until more than four years after the completion of the project, I concur in affirming the judgment of the trial court.

[1] 16 Am.Jur.2d, Conflict of Laws, Sec. 40.

[2] Reichsteiner v. National Surety Co. of N. Y. (1919), 44 Cal.App. 774, 187 P. 34; Ilse v. Aetna Indemnity Co. (1912), 69 Wash. 484, 125 P. 780; Sheard v. United States Fidelity & Guaranty Co., 58 Wash. 29, 107 P. 1024; Adams v. Standard Accident Ins. Co. (1932), 124 Cal. App. 393, 12 P.2d 464.