CITY OF HOT SPRINGS, ARKANSAS and
HOT SPRINGS, ARKANSAS, AIRPORT
COMMISSION *v.* NATIONAL SURETY COMPANY

75-168                                        531 S.W. 2d 8

Opinion delivered December 15, 1975

*George M. Callahan* and *Eudox Patterson*, for appellants.

*Coleman, Gantt, Ramsay & Cox,* for appellee.

JOHN A. FOGLEMAN, Justice. The City of Hot Springs entered into a contract on July 11, 1967, with McGeorge Contracting Company, Inc., for earth work and paving for the Hot Springs Municipal Airport for a consideration of $704,277.95. In the contract McGeorge agreed to furnish a bond, with approved surety, guaranteeing the performance of the contract, as required by the laws of Arkansas, to be conditioned on full and complete performance of the contract

and for the payment of all labor and materials and guaranteeing "the work against workmanship or materials for a period of one year after completion." The contract provided that the surety must be a surety company of financial resources satisfactory to the City of Hot Springs. McGeorge and appellee National Surety Company, as surety, executed a bond by which they bound themselves to The City of Hot Springs, as obligee and owner, incorporating the basic contract by reference. This bond contained the following clause:

> *** No suit, action, or proceeding shall be brought on this bond except by the Owner after six (6) months from the date final payment is made on the Contract, nor shall any suit, action or proceeding be brought by the Owner after two (2) years from the date on which the final payment under the Contract falls due.

The work under the contract was substantially completed on or about August 15, 1968. Deterioration in the runway was discovered April 20, 1969, and the airport manager notified McGeorge and its paving subcontractor, Mid-State Construction Company. Representatives of the subcontractor patched cracks which had appeared in the runway and final payment was made on May 13, 1969. Subsequently, additional cracking and deterioration became apparent to appellants, who notified McGeorge and Mid-State. No remedial action was taken and appellants brought suit for specific performance of the contract on July 16, 1973, against both McGeorge and Mid-State, making appellee a party defendant, as the surety on the bond. The surety company answered, pleading the statute of limitations. The cause of action was then transferred to the circuit court, after which appellants amended their complaint to seek recovery of damages. Appellee then moved for summary judgment, relying upon the clause in the bond quoted above. The court granted the motion and dismissed the complaint of appellants as to National Surety Corporation. Hence this appeal.

Unless we can say that the clause relied upon by appellee is inoperative, we must affirm. Appellants contend that the statute of limitations of five years set out in Ark. Stat.

Ann. § 37-237 (Supp. 1973) was the applicable limitation on its action and that the attempted two-year limitation in the bond was void as against public policy.

Appellants first argue that they were not parties to the bond and so were not bound by its limiting clause. It is difficult to understand how the City is bringing suit on a bond required by its contract with McGeorge without having accepted it. In the first place, acceptance may be presumed from appellants' retention of the bond, at least when that is coupled with appellants' permitting the contractor to enter upon the performance of his contract without objecting to the bond he tendered. *Graves* v. *The Lebanon National Bank,* 73 Ky. (10 Bush) 23 (1873); *McIntosh* v. *Dakota Trust Co.,* 52 N.D. 752, 204 N.W. 818, 40 ALR 1021 (1925); *Fiala* v. *Ainsworth,* 63 Neb. 1, 88 N.W. 135, 93 Am. St. Rep. 420 (1901). See also, *Mallers* v. *Crane Co.,* 92 Ill. App. 514 (1900) afmd 191 Ill. 181, 60 N.E. 804 (1901). But by bringing suit on the bond, appellants by necessary implication, have treated it as acceptable or have ratified it. *McIntosh* v. *Dakota Trust Co.,* supra; *Tidball* v. *Eichoff,* 66 Tex. 58, 17 S.W. 263 (1886); *Bird* v. *Washburn,* 10 Pick (Mass.) 223 (1830). The fact of acceptance and the bringing of suit implies an assent to the terms and conditions of the instrument. See *Merchants National Bank* v. *Detroit Trust Co.,* 258 Mich. 526, 242 N.W. 739, 85 ALR 350 (1932); *Tidball* v. *Eichoff,* supra. It has been aptly said that beneficiaries of a bond take it as they find it. *Horne-Wilson, Inc.* v. *National Surety Co.,* 202 N.C. 73, 161 S.E. 726 (1932).

We cannot agree that the limitation provided in the surety bond is so unreasonable as to be against public policy. Of course, the parties were free to contract for a limitation of the time within which actions might be brought on their contractual undertaking, which was shorter than is prescribed by the applicable statute of limitations, so long as the stipulated time was not unreasonably short and the agreement did not contravene some statutory requirement or rule based upon public policy. *St. Louis Southwestern Rwy. Co.* v. *Haynie,* 120 Ark. 26, 179 S.W. 170; *Kansas City Southern Rwy. Co.* v. *Bull,* 120 Ark. 43, 179 S.W. 172; *Missouri & N. Ark. R.R. Co.* v. *Ward,* 111 Ark. 102, 163 S.W. 164; *Dwelling House Ins. Co.* v. *Brodie,* 52 Ark. 11, 11 S.W. 1016, 4 LRA 458; *Phillips* v. *Mosaic*

*Templars of America*, 154 Ark. 173, 241 S.W. 869; *Hafer v. St. Louis Southwestern Rwy. Co.*, 101 Ark. 310, 142 S.W. 176. Such provisions are often called a condition precedent to an action on the contractual undertaking.

Insofar as this action is concerned there is no statutory prohibition against such a requirement. The bond guaranteeing workmanship and materials is a common-law obligation, not a bond required by statute, and appellants correctly contend that the applicable statute of limitations bars the action after five years. See Ark. Stat. Ann. § 37-237 (Supp. 1973); *State v. Western Surety Co.*, 223 Ark. 344, 266 S.W. 2d 835. A period of time so short as to amount to an abrogation of the right of action would be unreasonable. See Annot., 121 ALR 758 (1939), 6 ALR 3d 1197, 1202, 1204 (1966). But it is implicit in the decisions on the subject that the stipulated period is not unreasonable if the time allowed affords a plaintiff sufficient opportunity to investigate his claim and prepare for the controversy. See Annot., 6 ALR 3d 1197, 1202.

Numerous bonds of contractors engaged in private or public construction providing a limitation period no longer than that involved here have been upheld as reasonable and not violative of public policy. See, e.g., *John M. Kelley Contracting Co. v. United States Fidelity & Guaranty Co.*, 278 F. 345 (3 Cir., 1922); *Horne-Wilson, Inc. v. National Surety Co.*, 202 N.C. 73, 161 S.E. 726 (1932); *Landis & Young v. Gossett & Winn*, 178 S. 760 (La. Ct. App. 1937); *Hale & Sons v. Stone Eng. Co.*, 14 Tenn. App. 461 (1932); *McGarry v. Seiz*, 129 Ga. 296, 58 S.E. 856 (1907); *Rechtsteiner v. National Surety Co. of N.Y.*, 44 Cal. App. 774, 187 P. 34 (1919). See also, Annot., 6 ALR 3d 1197, 1222, 1240.

We are not impressed with appellants' argument that public policy in respect to this bond is declared by Ark. Stat. Ann. § 66-3323 (Repl. 1966), prohibiting delivery of a life insurance policy containing such a clause. But the restriction of this statutory provision to life insurance contracts and its placement in the chapter of the Arkansas Insurance Code relating only to contracts of life insurance and annuities are indicative of a legislative intention to narrowly restrict the application of the statute to those contracts specifically nam-

ed. We have heretofore declined to apply legislation prohibiting such contractual limitations in insurance contracts beyond the scope of the language of the prohibitory statute. See *Liebe* v. *Sovereign Camp, W.O.W.*, 205 Ark. 540, 170 S.W. 2d 370; *Phillips* v. *Mosaic Templars of America*, supra. It is also notable that the Insurance Code contains a provision voiding limitations on actions against sureties on bonds filed by an insurer, as a condition precedent to its doing business in this state, to a period shorter than that provided by the applicable statute. Ark. Stat. Ann. § 66-3232 (Repl. 1966). If the General Assembly had intended that this policy be applicable to all bonds and all corporate sureties, it would certainly have not restricted the application of this section in the chapter covering all insurance contracts other than named exceptions.

We are certainly unable to say that the limitation contained in the bond in this case is unreasonable or unduly restrictive. Final payment was made on May 9, 1969. The guarantee was for only one year after completion. It was alleged by appellants that the work was substantially completed on or about August 15, 1968. One year from that date still left more than one year and eight months for the bringing of this suit. This certainly should have given appellants ample time within which to investigate and prepare their suit against appellee, particularly when, as here, deterioration and cracking had appeared and repairs had been necessary prior to final payment.

The circuit judge correctly held that appellee's motion for summary judgment was well taken, so the judgment is affirmed.