## HARTFORD ACCIDENT & INDEMNITY COMPANY v. STEWART BROTHERS HARDWARE COMPANY

84-313                                                  687 S.W.2d 128

Supreme Court of Arkansas
Opinion delivered April 8, 1985

*Saxton & Ayers,* for appellant.

*W. Frank Moreledge, P.A.,* for appellee.

GEORGE ROSE SMITH, Justice. The appellant Hartford was the corporate surety on a contractor's bond given to secure the payment of bills for labor and material furnished to the contractor on a private construction job. The contractor ceased work on the contract on March 26, 1976. Some two years later, on May 31, 1978, the appellee Stewart Brothers brought this action against Hartford to recover an amount owed for materials furnished to the contractor, plus the statutory penalty and attorney's fee. Hartford pleaded as its defense a one-year limitation period contained in the bond sued upon. The trial court rejected the plea of limitations and entered judgment for the plaintiff upon undisputed facts. Our jurisdiction of the appeal is pursuant to Rule 29(1)(c).

The principal question is that of limitations. The governing statute provides that no action upon such a bond shall be brought against the corporate surety after six months from the date final payment is made on the contract. Ark. Stat. Ann. § 51-636 (Repl. 1971). It is stipulated that the last payment was made on October 2, 1978. Since this suit was brought four months before that date, it was apparently timely.

The bond, however, provides in substance that no action on the bond shall be commenced after the expiration of one year following the date on which the contractor ceased work on the contract, "it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof," then the limitation shall be the minimum permitted by the law. This action having been filed more than two years after the contractor ceased work, Hartford argues that the one-year contractual limitation is a bar to the suit.

Hartford relies on our holding in *City of Hot Springs* v. *National Surety Co.,* 258 Ark. 1009, 531 S.W.2d 8 (1975), but that reliance is misplaced. There the common-law bond in question had a two-year limitation from the due date of the final payment on the contract. We held that the parties were

free to contract for a limitation shorter than the general five-year statute applicable to written instruments if the stipulated time was not unreasonably short "and the agreement did not contravene some statutory requirement." Upon the facts in that case the plaintiff had, under the terms of the bond, more than a year and eight months for bringing suit. We considered that to be ample time and upheld the contractual limitation.

By contrast, here the specific statute, *supra,* allows the suit to be filed up to six months from the date of final payment on the contract. That is a reasonable point of beginning, for the materialman may not know the exact amount of his claim, if any, until that final payment has been made. The one-year contractual limitation, however, began to run from the date the contractor ceased work and would have actually barred this suit even before the statutory limitation had been set in motion by the final payment. We hold, therefore, that the contractual limitation was prohibited by the controlling statute, so that the alternative minimum period recognized by the bond became controlling. The action was brought within that period and so is not barred.

Hartford argues secondarily that an attorney's fee allowance cannot be sustained in the absence of proof of the nature and extent of the attorney's services. That is not the law. When the trial judge is familiar with the case and the service done by the attorneys, the fixing of a fee is within the discretion of the court. *Tech-Neeks, Inc.* v. *Francis,* 241 Ark. 390, 407 S.W.2d 938 (1966). Here the allowance of a $3,000 fee was based upon the recovery of an $11,571.11 judgment. We do not regard the amount as excessive.

Affirmed.