GRAND LODGE OF THE BROTHERHOOD OF RAILROAD TRAINMEN *v.* COTHRAN.

4-3672

Opinion delivered January 28, 1935.

*Tom J. McGrath* and *Warner & Warner,* for appellant.

*Partain & Agee,* for appellee.

McHANEY, J. Appellant is an unincorporated fraternal mutual benefit association with a grand lodge and

numerous subordinate lodges. Its membership is composed of certain classes of trainmen in the employ of railroad companies. Its affairs are conducted under a constitution and by-laws, or what it terms General Rules and Regulations, adopted and published by the association. It collects dues and assessments from its members through its subordinate lodges. Among other things done for its members, it issues to such as apply therefor beneficiary certificates in different amounts according to the different classes of certificates it issues, which it agrees to pay to such members in case of death or total and permanent disability. Appellee became a member of the Brotherhood in 1929, applied for and was issued a class ''C'' beneficiary certificate by which appellant agreed to pay him $1,875 in case of total and permanent disability as defined in the General Rules and Regulations. One of such rules provided that, if appellee suffered a total loss of the sight of either or both eyes, he should be considered totally and permanently disabled and entitled to the amount of benefits as heretofore stated. In 1930, due to an attack of neuralgia, appellee suffered the total loss of the sight of his right eye, and an impairment of the vision of his left. He shortly thereafter made proof of his claim to appellant, which was referred to the Beneficiary Board, and it, after considerable delay, on May 9, 1932, wrote appellee the following letter:

''Your benevolent claim was carefully considered by the Beneficiary Board at a meeting held on this date and disapproved for the reason that in the judgment of the board your disability is not such as would warrant the allowance of your claim.

''If you maintain your membership, this action will be reported to the Board of Insurance at their next meeting, and if you wish to appear you will be permitted to do so, but do not present yourself before the last week in January.''

The delay was occasioned in part by investigations made by appellant and one or more examinations of appellee's condition by physicians. After receipt of this letter, appellee employed counsel in Oklahoma to bring

suit against appellant. Considerable correspondence passed between said counsel and the general counsel for appellant. They were advised both by the general counsel and by the general secretary and treasurer that, under the General Rules and Regulations of appellant, it was necessary for appellee to keep his dues paid up and to maintain his membership in his local lodge until the Board of Insurance met in January, else the Board of Insurance would not consider his claim. Thereafter, appellee was expelled as of September 1, 1932, for the nonpayment of his dues. Under date of October 31, 1932, counsel for appellee wrote counsel for appellant inquiring whether appellee's claim would be referred to the Board of Insurance since he had been expelled for nonpayment of dues, and under date of November 2, 1932, counsel replied as follows:

"In view of the fact that Cothran was expelled as of September 1, 1932, the Brotherhood recognizes no right on his part to have his claim considered by the Board of Insurance." Counsel for appellant again wrote counsel for appellee under date of February 22, 1932, in answer to a letter from them that: "The Brotherhood recognizes no right on his part to have his claim considered by the Board of Insurance," and consequently the board did not pass upon his claim. This action was commenced September 23, 1933.

Section 64 of the General Rules and Regulations provides: "All right of action upon beneficiary certificates shall be absolutely barred * * * unless such action shall be commenced in some court of competent jurisdiction within six months after the final rejection of the claim by the Board of Insurance."

The case was tried to a jury and resulted in a verdict and judgment for appellee for the amount sued for.

A number of grounds are urged by appellant for a reversal of the judgment against it. We find it necessary to consider but one of them, and that is that appellee's action was barred by the contractual limitation set out in § 64 of the General Rules and Regulations hereinabove quoted. We think this contention must be sustained. Appellee was notified in the letter of November 2, 1932,

and again in the letter of February 22, 1933, that his claim would not be considered by the Board of Insurance because he had permitted himself to be expelled for the nonpayment of dues. His right of action accrued on the receipt of the letter of November 2, 1932, and should have been brought within six months from that date, or certainly within six months from February 22, 1933. He did not do so, but waited until September 23, 1933, more than six months from the latter date. In this respect this case is ruled by *Phillips* v. *Mosaic Templars of America,* 154 Ark. 173, 241 S. W. 869, where we held, quoting second syllabus, that "Crawford & Moses' Digest, § 6153, providing that an action on an 'insurance policy' may be maintained against the company issuing it at any time within the period prescribed by law for bringing action on promises in writing, and declaring that any stipulation in such policy requiring an action to be brought within any shorter time or be barred shall be void, does not apply to benefit certificates, and a limitation in a benefit certificate requiring suit to be brought within one year after the cause of action accrued was valid." Appellee argues that, since the language of said § 64 is that his claim will be barred unless he brings suit "within six months after the final rejection of the claim by the Board of Insurance," and that, since the Board of Insurance never did reject his claim, the limitation does not apply. We cannot agree with this argument. He was definitely advised that appellant recognized no right on his part to have his claim considered by the Board of Insurance, and that it would not do so, prior to its meeting, and he was definitely advised after its meeting that it had not done so. This was tantamount to a rejection of his claim by the Board of Insurance. Another argument made by appellee is that the limitation of six months is unreasonable. We do not think so. In fact this is an Ohio contract, made so by the General Rules and Regulations, and the courts of Ohio have sustained similar provisions. *Appel* v. *Cooper Ins. Co.,* 76 Ohio St. 52, 80 N. E. 955; *Prudential Ins. Co.* v. *Howle,* Ohio Cir. Ct. 621, 10 Ohio C. D. 290. But we are of the opinion that we are already committed to the

238

rule as stated in *Phillips v. Mosaic Templars of America, supra,* as applied as to fraternal benefit associations, and that the limitation in this policy is valid and binding upon the courts. It is a part of the contract between the parties, as the beneficiary certificate provides that the General Rules and Regulations shall become a part of the contract.

The judgment of the circuit court is therefore reversed, and the cause dismissed.

JOHNSON, C. J., and HUMPHREYS and MEHAFFY, JJ., dissent.

JOHNSON, C. J., (dissenting). The general principles and authorities substantiating the reasons for my dissent here are fully set forth in my dissent in *New York Life Ins. Co.* v. *Moose, ante* p. 161, and the curious are referred thereto.

But, aside from the law of the case as discussed in the dissent referred to, appellant is in no position to invoke the six months condition of its policy here to defeat recovery. Appellant admits that it held this claim for a period of more than two years, but never invoked the action of the Insurance Board upon which this condition is based or had this Board to exercise any jurisdiction therein.

It is, indeed, a strange doctrine which permits appellant to plead in bar of a valid claim an act by its Board which was never invoked or exercised.