Modern Woodmen of America *v.* Burd.

4-4473

Opinion delivered January 18, 1937.

George G. Perrin, George H. McDonald, George Pike, and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*A. G. Meehan,* for appellee.

Humphreys, J.   This is an appeal from a judgment for $1,000 rendered in the circuit court of Arkansas county upon a certificate of insurance issued by appellant to James L. Burd, the husband of appellee, in which appellee was named as the beneficiary.

Appellant was and is a fraternal beneficiary association and James L. Burd was a member thereof, and subject to the by-laws of the society.   By-law 76 of the association was pleaded in bar of a recovery, the pertinent part of which when condensed is as follows:   "No action for recovery on a death claim, based upon any benefit certificate can or shall be maintained * * * unless brought within eighteen months from the date of death of the member."

James L. Burd died on April 6, 1934, and this suit was not commenced until November 23, 1935, more than nineteen months after his death.

Upon the conclusion of the testimony in the trial of the cause appellant requested the following instruction:

"You are instructed that the undisputed evidence shows that James L. Burd died on April 6, 1934, and this suit was not filed until November 23, 1935.   Under the by-laws of the defendant, suit must be filed within

eighteen months from the date of death, and your verdict should be for the defendant."

This instruction should have been given as the by-law was valid and binding as a part of the benefit certificates issued to its members by fraternal societies. This case is ruled by the cases of *Phillips* v. *Mosaic Templars of America,* 154 Ark. 173, 241 S. W. 869, and *Grand Lodge of the Brotherhood of Railroad Trainmen* v. *Cothran,* 190 Ark. 234, 79 S. W. (2d) 438.

A number of other issues were raised in the pleadings and argued in the respective briefs of the parties herein, but it is unnecessary to discuss or decide them as the issue discussed and decided is conclusive of the case. On account of the error indicated, the judgment is reversed, and the cause dismissed.