## T. A. TIDBALL ET AL. V. WM. EICHOFF.

(Case No. 5657.)

1. JURISDICTION—AMOUNT IN CONTROVERSY—PETITION—Jurisdiction, when dependent upon the matter or amount in controversy, must be determined by the petition, and that question is concluded by its averments, in so far as they state facts in relation to the thing in controversy, unless it otherwise appears that the plaintiff, in framing his petition, improperly sought to give jurisdiction. (Dwyer v. Bassett & Bassett, 63 Tex., 274.)

2. SAME—PRACTICE—If items are fraudulently included in a petition, for the purpose of giving the court a jurisdiction to which it is not entitled, this should be pleaded and made an issue in the case.

3. INTERVENOR'S BOND—LIABILITY—CONSENT—It is not necessary for the obligee on an intervenor's bond, executed for the purpose of staying money in the hands of the court, to have consented to its execution in order to recover on it.

APPEAL from Tarrant. Tried below before the Hon. T. J. Beall, Special Judge.

This was a suit by Wm. Eichoff, plaintiff below and appellee here, against appellants as sureties on a bond for $300, in which Conrades and Logeman, L. W. Siler, J. A. Vonbrock, and F. Meyer & Co., were principals. The bond, which was payable to Eichoff, had been executed in pursuance of an order of the district court of Tarrant county in the cause of Wm. Eichoff v. Henry Eichoff, permitting Siler, Conrades, Logeman, Vonbrock, Meyer & Keicher, as intervenors, to contest the right of Wm. Eichoff to the proceeds of the sale of certain goods sold as the property of Henry Eichoff, by virtue of an attachment lien that had been foreclosed in the suit of Wm. Eichoff v. Henry Eichoff. The proceeds of the sale amounted to $2,929.25. The bond was conditioned that Conrades and Logeman, Lewis W. Siler and F. Meyer & Co., as principals, and Thomas A. Tidball and K. M. VanZandt, as sureties, would pay Wm. Eichoff, plaintiff in the cause of Wm. Eichoff v. Henry Eichoff, all the damages that he might sustain in case they, as intervenors in the cause, failed to show that Wm. Eichoff was not entitled to the proceeds of the sale. Appellee asked for judgment against appellants for $150 attorney's fees, paid by him to defend his rights in the contest; $150 paid by him for his reasonable personal expenses in going from his home in Cairo and staying in Fort Worth, attending court; $128.81, interest at ten per cent. on $2,929.25, the amount arising from the sale of the property above mentioned, for the time it remained idle, awaiting the contest; $62.15 court costs paid by him; and alleged that the suit was brought in the district court because R. E. Beckham, the county judge of Tarrant county, was disqualified from trying the cause because of having been counsel. The suit was dismissed by plaintiff as to all of the defendants, except appellants, on

the ground that they were non-residents of the state of Texas. Defendants pleaded general and special exceptions and general denial, special exceptions being that plaintiff could recover on none of the allegations of damage except eight per cent. interest on the $2,929.25 for the time it was idle. The court overruled the general exceptions, and sustained all of the special exceptions, holding that the only item of damage alleged in plaintiff's petition that was recoverable was eight per cent. interest on $2,929.25 for the time it was idle.

Appellee refused to amend. Appellants made an oral motion to dismiss the suit, because the amount in controversy was less than $200. The motion was overruled and the court gave judgment for the plaintiff for $102.50.

First proposition under appellant's second assignment of error: "To sustain the bond as a common law bond it must appear in substance that the person now seeking to enforce the same agreed and consented to the contract evidenced thereby with the makers thereof."

*Hyde Jennings* and *J. F. Cooper*, for appellants, cited: Dean *v.* Girardin, 49 Tex., 243; Bonner *v.* Watson, 6 Tex., 172; Snyder *v.* Wiley, & Porter, 59 Tex., 449; Watson *v.* King, 2 Ct. App., civil cases, 213; F. J. Harrison & Co. *v.* W. U. Tel. Co., Tex. Law Rev., vol. 5, p. 742, Tyler Term, 1885, Ct. App.; Swigley *v.* Dickson, 2 Tex., 192; Stamps *v.* Newton, 4, Miss. (3 How.), 34.

*S. P. Greene*, for appellee, cited: Wm. Eichoff *v.* Thomas A. Tidball, 61 Tex., 421; Marshall *v.* Taylor, 7 Tex., 235; Dwyer *v.* Bassett, 63 Tex., 274.

WILLIE, CHIEF JUSTICE.—The amounts claimed in the plaintiff's petition, as damages growing out of the execution of the bond filed by the intervenors in the case of Eichoff *v.* Eichoff, are as follows: The attorney's fees in defending against the claim of intervenors, $150; the personal expenses in coming from his home in Cairo, Illinois, and staying in Fort Worth, attending court in said contest, $150; interest at ten per cent. on $2,929.25, the proceeds of the sale of property in the hands of the court, and stayed there by reason of the execution of the bond upon which this suit is brought, $128.81; court costs paid in the matter of the above contest, $62.15; total, $490.96.

This amount being in controversy between the parties, the case was within the jurisdiction of the county court, and, of the district court, when the cause was removed there, by reason of the disability of the county judge. But it is said that it was adjudged by this court, when

the cause was before us on a former appeal, that the only item of damages which the plaintiff was entitled to recover was the interest upon the $2,929.25, during the time it was stayed in the hands of the court by reason of the execution of the bond. The court below followed the decision of this court upon that point, and rendered judgment for eight per cent. interest per annum upon the above sum, amounting, for the time it was detained from the plaintiff, to $102.50. It is now claimed, that this amount being within the exclusive jurisdiction of a justice of the peace, the court below was not authorized to enter such a judgment.

The objection cannot prevail. The rule is that "jurisdiction, so far as matter or amount in value is concerned, must be determined by the petition, and that question is concluded by its averments, in so far as they state facts in relation to the thing in controversy, unless it otherwise appears that a plaintiff in framing his petition has improperly sought to give jurisdiction where it does not properly belong." Dwyer v. Bassett & Bassett, 63 Tex., 274.

The averments of the petition, therefore, were sufficient to give the court below jurisdiction to render the judgment appealed from. If the items sued for, and upon which no recovery was had, were fraudulently included in the suit, for the purpose of giving the court a jurisdiction to which it was not entitled, this should have been pleaded and made an issue in the case. Dwyer v. Bassett & Basset, *supra*.

There was no such pleading in this cause, and no proof that any fraud upon the jurisdiction of the court was intended. The most that can be said in favor of the appellant's position is that the plaintiff below was mistaken as to the measure of damages to which he was entitled by reason of the execution of the bond. That he was not honestly mistaken is not made to appear; and he cannot be deprived of the amount which he is justly entitled to recover, and which the court below was authorized to adjudge to him, because, through an error of law, he claimed a sum in addition to it, to which he had no right.

There is nothing in the second assignment of error. It was not necessary that the plaintiff should have actually consented that the bond should be given, and the money thereby retained in the registry of the court. He had a right to oppose the detention of his money upon the mere execution of a $300 bond; and yet, if the court so ordered, it was beyond his power to prevent it, and his enforced consent must be conclusively presumed. Besides, he has ratified its execution and accepted its provisions by instituting this suit to recover upon it. There is no error in the judgment and it is affirmed.

AFFIRMED.

[Opinion delivered April 13, 1886.]