### FRYE et ux. v. FRYE et ux.
### No. 2955.

Court of Civil Appeals of Texas. Waco.
April 26, 1951.

Rehearing Denied May 24, 1951.

T. R. Mears, Gatesville, for appellants.

Harry W. Flentge, Brown & Dickie, all of Gatesville, for appellees.

LESTER, Chief Justice.

Plaintiffs sued the defendants on a note in the amount of $700, alleging that it was executed by the defendants as a part of the purchase price of 82–½ acres of land conveyed by plaintiffs to the defendants. Plaintiffs further alleged that there was due on said note the sum of $700, plus interest and attorney's fees, and prayed for foreclosure of their lien.

The defendants filed a plea to the jurisdiction of the court, alleging that the court did not have jurisdiction of the cause in that the amount in controversy was below the jurisdiction of the District Court, to-wit, $325, and asked for a dismissal of said cause of action. Subject to this plea, the defendants pleaded a general denial and payment of the note sued upon.

The trial court overruled said plea and rendered judgment for the plaintiffs for the sum of $325, and foreclosed the lien against said land. The court filed findings of fact and conclusions of law.

The defendants' first point complains of the trial court's action in refusing to sustain their plea to the jurisdiction of the court. Upon the hearing of the plea the defendants introduced one of the depositions of the plaintiff Mr. C. A. Frye, wherein he testified that he had credited the note with the sum of $375. It appears that the deposition of Mr. Frye was taken twice and he testified in one of the depositions that there was due on the note the sum of $675. However, the defendants did not file any pleadings asserting that the amount alleged in plaintiffs' petition was falsely and fraudulently fixed for the purpose of conferring jurisdiction upon the District Court, nor did they file any written exceptions to plaintiffs' pleadings and the evidence does not disclose that the allegations were made in bad faith upon the part of the plaintiffs. Therefore, if the question of a lien had not been in the case the court's action in overruling said plea to the jurisdiction was proper. Dwyer v. Bassett & Bassett, 63 Tex. 274; Tidball v. Eichoff, 66 Tex. 58, 17 S.W. 263; Sparkman v. First State Bank of Handley, Tex.Civ.App., 246 S.W. 724; Milburn v.

408

Athans, Tex.Civ.App., 190 S.W.2d 388; 11 Tex.Jur. p. 739, sec. 26.

 Defendants' second point is: "The court erred in rendering judgment for the plaintiffs in the court below, C. A. Frye et ux, and establishing and foreclosing a vendor's lien in that the evidence in the case was wholly insufficient and that it is shown that the note bearing date of December 5, 1945 and the deed of July 5, 1945." The evidence shows that the deed is dated in July and acknowledged in August. The evidence shows without dispute that the defendants did not pay to the plaintiffs any amount at the time the deed was delivered, but it was the understanding between all the parties that the defendants were to secure a loan on the property conveyed before said payment was to be made. Sometime after the deed was delivered the defendants secured a loan and bought a house and lot for the plaintiffs for the amount of $2500, and executed this note of $700 as the balance due for the purchase price of the 82-½ acres. All parties admit this to be true. The plaintiff C. A. Frye testified that it was the understanding of all the parties that the plaintiffs should have a lien on the property to secure the above note. The fact that the note did not contain a provision therein to the effect that a lien was retained upon the land conveyed does not affect plaintiffs' right to have the lien foreclosed. It is the doctrine of the civil law and the equitable jurisprudence of the United States and well settled in this state that a vendor has a lien upon land sold for the purchase money without any special agreement. For that purpose the law implies a lien in favor of the vendor, unless he waives it. Briscoe v. Bronaugh, 1 Tex. 326, 330; Cecil v. Henry, Tex.Civ.App., 93 S.W. 216; 43 Tex.Jur. p. 438, sec. 248; Hales v. Peters, Tex.Civ.App., 162 S.W. 386 (writ ref.); Springman v. Hawkins, 52 Tex.Civ.App. 249, 113 S.W. 966. Therefore defendants' second point is overruled, and what we have said in this connection disposes of defendants' fourth point.

 Defendants' third point is: "The pleadings by the plaintiffs in the court below were wholly insufficient as a matter of law to authorize a judgment establishing and foreclosing a vendor's lien on the land in question; W. O. Frye having testified that said land was his homestead on the date of the execution of the personal note." The defendants did not file any exceptions to plaintiffs' pleadings nor did they plead homestead, and if they had pleaded homestead it would have been of no avail. Plaintiffs had a lien upon the property for the unpaid purchase money, and as between plaintiffs and defendants their homestead rights could not prevail over plaintiffs' lien. Floyd v. Hammond, Tex.Com. App., 268 S.W. 146; Woods v. West, Tex. Com.App., 37 S.W.2d 129.

We are of the opinion that the evidence is sufficient to support the findings and judgment of the trial court. Therefore the judgment is in all things affirmed.