## BROWN et ux. v. MAJORS et al.
### No. 14535.

Court of Civil Appeals of Texas. Dallas.
Sept. 26, 1952.

Moses & Truett, McKinney, for appellants.

Roland Boyd, McKinney, and Murray H. Nance, Jr., Sherman, for appellees.

CRAMER, Justice.

Appellants J. J. Brown and wife, as owners, and E. L. Browning, as contractor, on January 18, 1950 executed a mechanic's lien contract wherein the contractor agreed to furnish all labor and material necessary to erect certain improvements covered by such building contract for a consideration of $13,000. The contractor made various subcontracts in connection with the work, one being with appellee Majors for the painting work, the price of which was to be $637.50. The owners on May 3, 1950 had paid the contractor $9,750 on the $13,000 consideration, and the contractor had paid Majors $75 on his subcontract. On that day, May 3, 1950, the contractor abandoned the job. It cost the owners more than the $3,250 balance of the contract price to complete the job and the owners refused to pay Majors the amount due for work performed before the contractor abandoned the job, but they did pay for the work done at their instance after the abandonment of the job. Majors timely filed an affidavit for mechanic's lien under provisions of arts. 5452 to 5472c, R.C.S., Vernon's Ann.Civ.St. arts. 5452 to 5472c.

Because of the owners' refusal to pay him, Majors filed this suit against the owners for $427.50 for labor and materials

furnished by him before the contractor abandoned his contract, and foreclosure of his asserted lien on the property originally covered by the mechanic's lien, alleging the property was not a homestead of the owners.

In amended pleadings he added that the owners had induced the contractor to abandon his contract in consideration of the owners' assumption and promise to pay the subcontractors, especially appellee Majors.

After the trial court overruled the owners' pleas in abatement and to the jurisdiction and numerous exceptions, trial to the jury resulted in findings in substance as follows: (1) Appellee gave appellants statutory notice of his claim; (2) on June 2, 1950; (3) appellants had paid the contractor $9,750 before the notice was served on him; (4) and said $9,750 was paid before May 3, 1950; (5) that appellants and the contractor, on May 3, 1950, agreed that if appellants would release the contractor "from the further performance of said contract with reference to building said tourist court," that the contractor would release appellants from any and all further payments due under said contract; (6) appellants did not pay the contractor any further sum of money on the building contract after May 3, 1950; (7) on May 3, 1950 the contractor, the appellants, and the appellee met in the office of appellants' attorney and it was there agreed by appellants and the contractor that they would assume and pay to appellee any sum due appellee by the contractor, provided the contractor would sign a written statement to abandon the written contract with appellants; (8) and the contractor did on that occasion sign the statement abandoning the building contract and did so abandon such contract; (9) that such agreement by appellants to pay appellee the debt due him by the contractor induced the contractor to sign the statement to abandon the building contract; (10) that appellee acquiesced in and assented to such agreement; (11) the amount due Majors at the time was $427.50; (12) that $3,500.81 was the necessary amount expended by the owners for completion of the building contract after the abandonment of the contract; and (13) the building contract covered the business and residential homestead of appellants.

On the verdict, the court rendered and entered judgment for Majors and against the owners for the sum of $427.50, denied recovery of an attorney's fee and for foreclosure of the asserted lien. The court also denied the owners a recovery against the building contractor.

From that judgment this appeal has been duly perfected, and appellants have briefed ten points of error.

■ Point 1 complains of the trial court's overruling their plea to the jurisdiction. Material to this plea, it appears that the amount involved was below the jurisdiction of the district court unless the district court had jurisdiction by reason of the claimed foreclosure of a lien on real estate. The original petition, filed July 13, 1950, after describing the real estate sets out the facts hereinabove recited and that the owner owed the contractor $3,250 out of which he, Majors, could have collected his debt; and that under his affidavit for mechanic's lien above referred to, he was entitled to a lien against the property of the owner. Majors also alleged that the debt was for labor and materials furnished and that demand had been made for payment thereof more than thirty days before suit was filed, and sought in addition to the $427.50 the sum of $200 attorney fees. His prayer was for $627.50, or in the alternative for judgment against J. J. Brown et ux. for $627.50 and foreclosure of his lien against the real estate involved; or, in further alternative, for $627.50 against Brown and wife and for interest, costs, etc.

In his first, second, and third amended original petitions he omitted his prayer for $200 attorney's fees, suing only for $427.50 and a foreclosure of his asserted lien created by the filing of his affidavit above referred to.

Under the above pleadings the district court acquired jurisdiction. Frye v. Frye, Tex.Civ.App., 239 S.W.2d 406, error refused.

■ The fact that the verdict on special issues did not justify a foreclosure of lien on the real estate and that the judgment

was for $427.50 plus costs only, did not divest the district court of jurisdiction since appellants did not, in limine, attack the jurisdiction of the district court on the ground that Majors had fraudulently asserted a lien, and sought foreclosure thereof solely for the purpose of conferring jurisdiction on the district court. The fact that the judgment was for an amount less than the jurisdiction of the district court is not material since the jurisdiction of the court was established by the pleadings and the issues raised and tried thereunder. 11 Tex. Jur. 766. Point 1 is overruled.

Point 2 asserts error in the overruling of appellants' plea in abatement based upon the same record as their plea to the jurisdiction. It is therefore also overruled.

■■ Points 3, 4, and 5 raise a question as to the overruling of appellants' plea in abatement and special exceptions wherein it is asserted that the assumption by the owners of the debt of the contractor to Majors was within the statute of frauds, also an attempt to charge the owners with the debt, default or miscarriage of the contractor, and was not in writing. The applicable rule is that whenever the main object is not to answer for another's debt, but to subserve one's own purpose, the promise is not within the statute of frauds, although in form it is a promise to pay another's debt and incidentally has that effect. Lemmon v. Box, 20 Tex. 329; Ellington v. Pirtle, Tex.Civ.App., 102 S.W.2d 524, syl. 3; Enterprise, etc. v. Bank of Crowell, Tex. Civ.App., 167 S.W. 296; Kollatt v. Clements, Tex.Civ.App., 3 S.W.2d 855. Under the record here, the consideration for the assumption, by the owners, of the contractors's debt was the abandoning of the contractor's main contract between the owner and the contractor.

Points 3, 4, and 5 are overruled.

■■ Appellants' points 6 to 10 inclusive assert error of the trial court in overruling their motion for an instructed verdict since (6) appellee offered no evidence under which a lien on the real estate could be foreclosed; (7) the jury found no lien existed; (8) $427.50 was not within the court's jurisdiction and no lien was foreclosed; (9) the absence of pleading or fact justifying foreclosure of the lien; and (10) Majors produced no evidence sufficient to sustain a verdict as a matter of law.

As we have held above, the pleadings alleged a cause of action and there was no attack made on such pleadings asserting such allegations to have been fraudulently made for the purpose of conferring jurisdiction on the trial court, either by plea in abatement or otherwise. Such a plea was necessary to raise the question of jurisdiction of the trial court. The pleading, not so challenged, affirmatively showing jurisdiction, the insufficiency of the evidence to establish a lien became immaterial upon the question of jurisdiction. The judgment on the asserted cause of action was on the merits of the issues raised by the pleadings and therefore proper. The rule is as stated by Judge Smedley, Commissioner, opinion adopted by the Supreme Court, in Booth v. Texas Employers' Ins. Ass'n, 132 Tex. 237, 123 S.W.2d 322, 327, syl. 9, as follows:

"* * * The question whether a particular suit is as to the amount in controversy within the jurisdiction of the court in which it is filed is determined by the averments in the petition in so far as they state facts in relation to the thing in controversy; and this is true, regardless of the truth of the allegations, unless it is made to appear by pleading and proof that the allegations as to jurisdiction were fraudulently made. Dwyer v. Bassett & Bassett, 63 Tex. 274; Clonts v. Johnson, 116 Tex. 489, 493, 294 S.W. 844; Johnson v. Universal Life & Accident Insurance Company, 127 Tex. 435, 94 S.W.2d 1145; 11 Texas Jurisprudence, p. 739, Sec. 26."

Points 6 to 10 inclusive are overruled.

No reversible error appearing from the points of appellants, the judgment below is

Affirmed.