## CORSICANA INDEPENDENT SCHOOL DIST.

v.

## CORSICANA VENETIAN BLIND CO. et al.
### No. 3194.

Court of Civil Appeals of Texas.

Waco.

June 24, 1954.

Rehearing Denied July 22, 1954.

William J. McKie, Corsicana, for appellant.

J. S. Simkins, Corsicana, for appellees.

McDONALD, Chief Justice.

This is a case involving the jurisdiction of the District Court of Navarro County. Parties will be referred to as in the Trial Court. Plaintiff School District sued defendant for $37.79 delinquent ad valorem personal property taxes, and to foreclose its tax lien against personal property described in its petition alleged to be *of a*

*value of $500 or more.* Defendant filed a plea to the jurisdiction of the court and alleged that the suit was an attempted fraud upon the jurisdiction of the court.

The record reflects that the Trial Court overruled defendant's plea to the jurisdiction of the court and entered a judgment for the plaintiff; but that thereafter the defendant filed a Motion for New Trial, which was by the Trial Court granted. The Trial Court subsequently entered judgment dismissing plaintiff's law suit. The order of dismissal contained Findings of Fact to the effect that the property upon which lien was asserted had a value at the time of trial of $150 and that the allegation in plaintiff's petition that the property had a value of $500 was fraudulently made for the purpose of conferring jurisdiction on the court. The judgment then sustained the defendant's plea to the jurisdiction of the court and dismissed the case. Plaintiff appeals from the judgment of dismissal.

The sole question for determination is: Did the District Court have jurisdiction of this controversy?

The facts above related are almost without dispute. The plaintiff sued for $37.79 delinquent taxes and for foreclosure of tax lien on personal property alleged to be worth $500. The Defendant alleged a fraudulent allegation by plaintiff that the property was worth $500, to confer jurisdiction. The proof showed the property to be worth only $150, *but there is not one line of testimony in the entire record to support the charge of fraudulent allegation on plaintiff's part for the purpose of conferring jurisdiction.*

■ The rule is that when it is sought in the District Court to foreclose a lien on personal property the *pleadings must* show that either the amount of the debt or the value of the property is within the jurisdiction of the court—and whichever is greater will determine the jurisdiction of the court. (11 T.J. 743 et seq.). Jurisdiction, *insofar as the amount in value in controversy* is concerned, is determined by the petition insofar as it states facts in

relation to the thing in controversy. (11 T.J. 739). The petition will be accepted as true for purposes of jurisdiction, regardless of the truth of the allegations, unless it is made to appear by *pleading and proof* that the allegations as to jurisdiction were fraudulently made. So in the absence of either pleadings or proof that allegations of value to confer jurisdiction were fraudulently made to confer jurisdiction, the court should retain jurisdiction. See Pryor v. Universal C. I. T. Credit Corp., Tex. Civ.App., 253 S.W.2d 493 (no writ history); Tidball v. Eichoff, 66 Tex. 58, 17 S.W. 263; Booth v. Texas Employers' Ins. Ass'n, 132 Tex. 237, 123 S.W.2d 322; Worth Finance Co. v. Charlie Hillard Motor Co., Tex.Civ.App., 131 S.W.2d 416. See also Sec. 26, "Courts", 3 Tex.Jur. 10 Yr.Supp., p. 533 et seq.

The opinion of the Supreme Court in Tidball v. Eichoff, supra, has been consistently followed. Such rule was applied by this court in Frye v. Frye, Tex.Civ.App., 239 S.W.2d 406 (writ ref.).

■ In the case at bar the averments in the pleadings confer jurisdiction. The defendant charged a fraudulent allegation by plaintiff to confer jurisdiction by plea in abatement; *but since there is no evidence in support of the charge of fraudulent allegations, the averments in plaintiff's petition must still control to determine the jurisdiction of the court.* We believe that the Trial Court was correct in its original action in overruling the plea in abatement and in retaining jurisdiction.

In view of the foregoing we must conclude that in the state of the record as presented, the District Court of Navarro County had jurisdiction over the case at bar. Accordingly the judgment of the Trial Court in dismissing this cause is reversed and judgment here rendered for plaintiff for $37.79; 6% interest thereon from judgment; and for foreclosure of lien on properties used by defendants in manufacturing venetian blinds still in defendant's possession.

Reversed and rendered.