Willie FLOWERS, Appellant,

v.

LAVACA COUNTY APPRAISAL DISTRICT, Appellee.

No. 13-88-455-CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 19, 1989.

Rehearings Denied Feb. 9 and Feb. 16, 1989.

Gary Schroeder, Gonzales, for appellant.

Peter Low, Calame, Linebarger & Graham, Austin, for appellee.

Before KENNEDY, UTTER and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

Lavaca County Appraisal District, appellee, brought suit against Willie Flowers for delinquent ad valorem taxes on two automobiles for certain years between 1980 and 1986, and for taxes becoming delinquent thereafter until the date of judgment, and asserted a lien on the automobiles to secure payment of the taxes. The trial court granted judgment in favor of appellee for delinquent taxes on one of the automobiles in the amount of $364.75. Flowers appeals by six points of error complaining that the trial court lacked jurisdiction, that limitations bars the collection of a portion of the taxes, that there was no evidence to show that the automobile was within the taxing authority's geographical jurisdiction, that appellee has not passed a resolution giving it authority to tax the property in question, that the trial court failed to file findings of fact and conclusions of law, and that the document offered by appellee to prove appellant's tax liability was not a certified copy of the tax records. The judgment of the trial court is affirmed in part, and reversed and remanded in part.

By his first point of error appellant complains that the trial court lacked jurisdiction to hear the lawsuit, because the suit alleged an amount in controversy less than the $500 minimum jurisdictional amount in controversy of a district court. *See* Tex.Tax Code Ann. § 33.41 (Vernon 1982).

In its original petition for collection of overdue taxes in an amount less than $500, appellee alleged that the value of the taxable property was greater than $500, and included a request for foreclosure on the

property. Appellant filed a plea in abatement challenging the district court's jurisdiction by claiming that appellee had not shown that the amount they claimed exceeded the minimum jurisdictional amount in controversy.

■ In order for the district court to entertain jurisdiction in a suit to foreclose a lien on personal property the petition must show that either the amount of the debt or the value of the property being foreclosed on is within its jurisdictional limit. *Delk v. City of Dallas*, 560 S.W.2d 519 (Tex.Civ. App.—Texarkana 1977, no writ); *Corsicana Independent School District v. Corsicana Venetian Blind Co.*, 270 S.W.2d 296 (Tex.Civ.App.—Waco 1954, no writ).

■ The good faith allegations of the petition are determinative of whether the cause of action is justiciable by the court whose jurisdiction is sought to be invoked. *Brannon v. Pacific Employers Insurance Co.*, 148 Tex. 289, 224 S.W.2d 466, 469 (1949). Such allegations should be accepted as true for purposes of jurisdiction unless the defendant pleads and proves that they were fraudulently made to confer jurisdiction. *Delk*, 560 S.W.2d at 520; *Corsicana*, 270 S.W.2d at 297.

■ Since appellant never alleged that appellee's valuation of the property at over $500 was made in bad faith or fraudulently, the district court has properly retained jurisdiction. *See Delk; Corsicana; Brown v. Majors*, 251 S.W.2d 786 (Tex.Civ.App.— Dallas 1952, no writ). Appellant's first point of error is overruled.

By his second point of error appellant complains that limitations has run on the appellee's claims for taxes delinquent for more than four years. The certified copy of the tax records produced as evidence at trial showed that delinquent taxes for the years 1980, 1982 through 1985, and 1987 totalled $364.75, which was the amount of the judgment, although the judgment itself failed to specify the years for which appellant was liable.

The statute of limitations for suits to collect delinquent taxes on personal property is four years under Section 33.05 of the Property Tax Code. Since appellee filed its Original Petition on July 30, 1987, the cause of action for taxes in a particular year must not have accrued earlier than July 30, 1983 in order to be timely filed. Under Sections 31.02 and 33.41 of the Property Tax Code, appellee's cause of action for collection of taxes imposed for one year would accrue after the taxes became delinquent on February 1st of the next year. Recovery of taxes, and statutory penalty and interest, for the years 1980 and 1982 is thus barred by limitations.

■ Appellee, however, challenges the four year statute of limitations as contrary to the Texas Constitution art. III, § 55, which prohibits the legislature from releasing or extinguishing an individual's liability to the state or any of its subdivisions, except for delinquent taxes due for a period of at least ten years. Appellee contends that the four year statute of limitations constitutes an unconstitutional release of appellant's liability to the state for taxes delinquent less than ten years. However, the Texas Supreme Court has stated in a similar case by a city to collect school taxes that "limitations statutes do not release or extinguish the debt, but merely affect the remedy when its enforcement is sought." *Sam Basset Lumber Co. v. City of Houston*, 198 S.W.2d 879, 882 (Tex.1947); *see also Amarillo Independent School District v. Brockmeyer*, 292 S.W.2d 886 (Tex. Civ.App.—Amarillo 1956, no writ). Unless the Texas Supreme Court changes its view of the nature of statutes of limitation, we will not express a contrary view. Appellants' second point of error is sustained with regard to taxes assessed for the years 1980 and 1982.

■ By his third and fourth points appellant complains that there was no evidence to show either that the automobiles were located within the geographical boundaries of the taxing authority as required by Tex. Const. art. VIII, § 11, or that appellee passed a resolution giving itself the power under Property Tax Code § 11.25(c) to impose an ad valorem tax on the automobiles in question.

■ Certified copies of the delinquent tax rolls, together with the testimony of the tax assessor-collector that the records show that the taxes in question were due, delinquent and unpaid, are sufficient to establish a prima facia case for the taxing authority in a delinquency suit. *Davis v. City of Austin*, 632 S.W.2d 331, 333 (Tex. 1982); *Alamo Barge Lines, Inc. v. City of Houston*, 453 S.W.2d 132, 133–34 (Tex. 1970); *Bass v. Aransas County Independent School District*, 389 S.W.2d 165, 172–73 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n.r.e.); Tex.Tax Code Ann. § 33.47(a) (Vernon 1982).

■ When the taxing authority establishes a prima facie case in a tax delinquency suit, a rebuttable presumption arises that the personal property in question has a tax situs within the authority's jurisdiction, placing the burden on the taxpayer to produce evidence that the tax situs is outside the jurisdiction. *Davis*, 632 S.W.2d at 333. The prima facie case also creates a presumption that the taxing entity has taken all actions necessary to obtain legal authority to levy the tax. *See Duval County Ranch Co. v. State*, 587 S.W.2d 436, 442 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.); *Stratton v. Del Valle Independent School District*, 547 S.W.2d 727, 728 (Tex.Civ.App.—Austin 1977, no writ). In the present case, appellee produced the delinquent tax rolls and the testimony of the tax assessor-collector, but appellant produced no evidence of a situs outside the jurisdiction or that the district lacked authority to impose the tax.

■ In addition, appellant has waived any defense to personal liability for the assessments made after 1981 which are based on wrongful inclusion of his property on the appraisal records by failing to exhaust his administrative remedies before the appraisal review board, under Property Tax Code §§ 41.41(3), 41.42 and 42.09(a)(1) (Vernon Supp.1989). *See Robstown Independent School District v. Anderson*, 706 S.W.2d 952 (Tex.1986); *Herndon Marine Products, Inc. v. San Patricio County Appraisal Review Board*, 695 S.W.2d 29, 35 (Tex.App.—Corpus Christi 1985, writ ref'd

n.r.e.); *Brooks v. Bachus*, 661 S.W.2d 288 (Tex.App.—Eastland 1983, writ ref'd n.r.e.). Appellant's third and fourth points are overruled.

By his fifth point appellant complains that the trial court erred in failing to file findings of fact and conclusions of law. Rule 296 provides that in a bench trial the parties must file any requests for findings of fact and conclusions of law within ten days after the final judgment is signed. Rule 297 requires the judge to file his findings and conclusions within thirty days after the judgment. If the judge fails to file them, the party must, in order to preserve error, call the omission to the judge's attention within five days after the time has expired, or between the 30th and 35th days after the judgment was signed. This will then extend for another five days after notification the period for the judge to file findings and conclusions.

■ In the present case the judge signed the final judgment on August 16, 1988. Appellant requested findings and conclusions three days later on August 19, 1988. On September 6, 1988, 21 days after the judgment, appellant filed an additional request for the judge to file findings and conclusions, which appellant alleges brought the omission to the judge's attention. However, the judge still had nine days to file findings and conclusions timely, and thus no "omission" had as yet occurred. Moreover, appellant filed no such reminder after the 30th day, when the judge's failure became a true omission of his Rule 297 duty. Since under the terms of Rule 297 appellant did not file a timely reminder of the judge's failure to file findings and conclusions, appellant has waived error on this point. *See Averyt v. Grande, Inc.*, 717 S.W.2d 891, 895 (Tex.1986); *Las Vegas Pecan & Cattle Co. v. Zavala County*, 682 S.W.2d 254, 255 (Tex.1984). Appellant's fifth point of error is overruled.

■ By his sixth point appellant complains that the trial court erred in allowing appellee to enter into evidence an exhibit showing appellant's tax liability which allegedly was not a part of appellee's tax

records and was manufactured for the sole purpose of litigation.

Appellee called Dianne Munson, the tax assessor-collector, to verify an extract copied from the delinquent tax rolls, which was then offered into evidence to show the appellant's liability. Munson answered in the affirmative to counsel for appellee's question whether the exhibit is "a true and correct copy of a portion of your delinquent tax roll?" During appellant's voir dire examination, however, Munson testified as follows:

Q. Mrs. Munson, is it your testimony that the second page of this exhibit is a document that existed in the regular business records of the appraisal district?

A. This was complied (sic) from our records.

Q. Strictly for this lawsuit?

A. Right. Yes, sir.

Q. Doesn't have anything to do with your regular appraisal records that you do on your day-to-day business?

A. This is from the delinquent tax records.

Q. I understand. But you made this document strictly for this lawsuit today?

A. Yes.

Q. If we didn't have a lawsuit, we wouldn't find these documents in the district's records, am I correct?

A. These amounts would be in our district tax rolls.

Q. I am asking you about this document.

A. This particular document?

Q. Yes. If we didn't have this lawsuit, we wouldn't find this document in the records, am I not correct?

A. That's correct.

In addition, the exhibit itself shows that it was prepared for litigation, because printed just below its heading is the cause number of the present case.

There is no dispute that Munson signed and certified the exhibit as correctly representing the appellant's tax liability. The appellant's contention here seems to be that the exhibit may not be an exact copy of the documents kept in the delinquent tax rolls, but rather a "compilation" of information from these records.

Property Tax Code § 33.47(a) provides that:

In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax imposed constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of the tax alleged to be delinquent against the property listed is the correct amount.

*See also Davis,* 632 S.W.2d at 333; *Alamo,* 453 S.W.2d at 133–34; *Bass,* 389 S.W.2d at 172–73.

■ The taxing authority's prima facie case need not be based on an exact copy of a portion of the tax records themselves, but may be based on a delinquent tax statement which is certified to be a copy of the entries in the tax records showing the property and the amount of the tax imposed. *See Ivan Dement, Inc. v. Stratford Independent School District,* 742 S.W.2d 820, 823 (Tex.App.—Amarillo 1987, no writ); *cf. State v. Loomis,* 470 S.W.2d 795, 797 (Tex. Civ.App.—Dallas 1971, no writ). In the present case the taxing authority relied upon a certified copy of entries on the delinquent tax rolls showing the owner, the property, the amount of tax owed by year, and the total amount owed to the taxing authority including interest and penalties. Simply because documents in the particular format of the delinquent tax statement prepared in the present case would not normally be made in the absence of litigation does not detract from their character as copies of entries in the delinquent tax rolls or affect their admissibility under Section 33.47(a). Appellant's sixth point of error is overruled.

The judgment of the trial court is affirmed on appellant's liability for taxes, penalties and interest for the years 1983, 1984, 1985 and 1987. The judgment is reversed on appellant's liability for taxes,

penalty and interest for the years 1980 and 1982, and this cause is remanded to the trial court for a determination of the amounts due for the other years alone.