**Affirmed and Memorandum Opinion filed April 23, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00327-CV

---

### DAVID J. FELT, AKA DAVID JOEL FELT, Appellant

### V.

### HARRIS COUNTY, ON BEHALF OF ITSELF AND OTHER COUNTY-WIDE TAXING AUTHORITIES, THE HARRIS COUNTY DEPARTMENT OF EDUCATION, THE PORT OF HOUSTON AUTHORITY OF HARRIS COUNTY, THE HARRIS COUNTY FLOOD CONTROL DISTRICT, THE HARRIS COUNTY HOSPITAL DISTRICT, CITY OF HOUSTON, HOUSTON INDEPENDENT SCHOOL DISTRICT, AND HOUSTON COMMUNITY COLLEGE SYSTEM, Appellees

---

**On Appeal from the 281st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-21534**

---

## M E M O R A N D U M   O P I N I O N

In this suit to collect delinquent ad valorem taxes, defendant David J. Felt appeared and testified at trial, but in the judgment against him, the trial court

erroneously indicated that he failed to appear. In his appeal, Felt argues that if the trial court ruled based on the evidence, then the judgment must be reversed because the evidence presented at trial is legally insufficient to support the judgment against him in his personal capacity. He argues in the alternative that if the trial court based the judgment on Felt's failure to appear for trial, then the judgment must be reversed because the record establishes that he did appear and testify. We conclude that the evidence is legally sufficient to support the judgment, and that Felt waived his alternative argument by failing to file a motion for new trial. We accordingly affirm the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Harris County, acting for itself and on behalf of several county-wide taxing authorities,[1] sued David J. Felt for payment of delinquent ad valorem taxes for tax years 1987–2009, special assessments against the property, penalties, interest, attorney's fees, and abstract fees. The County prayed for foreclosure of its liens against the property, and for a personal judgment against Felt. Felt filed a general denial and asserted that he "was never in the chain of title individually." In March 2011, the trial court rendered a default judgment against Felt for delinquent taxes for the years 1990–2009, for the taxes then due for tax year 2010, and for the special assessments. The judgment signed by the trial court had been submitted by the County's attorney, and in the proposed judgment, counsel wrote that Felt "appeared/failed to appear in court." In the signed judgment, the word "appeared" is crossed out. Felt moved successfully for a new trial, and the case was tried without a jury.

---

[1] These were identified as the Harris County Department of Education, the Port of Houston Authority of Harris County, the Harris County Flood Control District, the Harris County Hospital District, the City of Houston, Houston Independent School District, and Houston Community College System.

At trial, the County produced evidence documenting its claims. This evidence included a certified delinquent-tax statement covering the years 1990–2011 for real property identified as a .1487-acre parcel located at Lot 327, Block 13, MacGregor Terrace Section 1. On the tax statement, the owner is identified as Equi-Share, Inc. The County also introduced a certified copy of a 1983 warranty deed in which Equi-Share, Inc. conveyed the property—again identified as Lot 327, Block 13, MacGregor Terrace Section 1—to David J. Felt in exchange for his promissory note for $12,260.00. The deed was signed by David J. Felt, President, Equi-Share, Inc. His signature was notarized, and the deed was recorded in the Harris County Clerk's office more than a month after it was executed.

Felt, on the other hand, testified that he did not "intentionally" do anything that would cause him to own the property, and that he never paid for it or exchanged anything of value for it. He stated that he does not own the property, does not know where it is located, does not know if it contains any improvements, has never attempted to lease the property, and has done nothing to exercise any control over it. He further testified that he was not familiar with the 1983 warranty deed. After examining it, Felt admitted that signature on the deed looked like his own, but stated that if he did sign the warranty deed, he did not do so intentionally.

The trial court took the case under advisement, and the County's attorney submitted another proposed judgment. Except for a change in the date, the typed content on the first page of the judgment is identical to the first page of the default judgment that had been set aside. Once again, counsel wrote that Felt "appeared/failed to appear in court," and once again the word "appeared" is crossed out. Unlike the earlier judgment, the trial court made a substantive change to the proposed judgment by crossing out the portion of the judgment in which Felt would have been held liable for the principal, interest, and attorney's fees

3

associated with the special assessment.  Felt appealed without filing any post-judgment motions.

## II. Legal Sufficiency of the Evidence

In his first issue, Felt challenges the legal sufficiency of the evidence.  He did not request any findings of fact, so we must imply that the trial court made all findings necessary to support the judgment.  *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex. 2003).  When reviewing the legal sufficiency of the evidence, we consider the evidence in the light most favorable to the findings and indulge every reasonable inference that would support them.  *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).  We credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not.  *See id.*  If the evidence at trial would enable reasonable and fair-minded people to find the facts at issue, then the evidence is legally sufficient.  *Id.*

Felt contends that there is no competent evidence that he owed the taxes and no competent evidence of the amount of taxes owed.  We disagree.  In a suit to collect delinquent taxes, the taxing authority can meet its initial burden to establish the amount of the tax, penalties, and interest in the manner specified in section 33.47(a) of the Texas Tax Code:

> In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts.

TEX. TAX CODE ANN. § 33.47(a) (West 2008).  The County produced such

4

evidence here.

By introducing such records, the taxing authority establishes a prima facie case as to every material fact necessary to establish its cause of action. *Nat'l Med. Fin. Services, Inc. v. Irving Indep. Sch. Dist.*, 150 S.W.3d 901, 906 (Tex. App.—Dallas 2004, no pet.) (citing *Davis v. City of Austin*, 632 S.W.2d 331, 333 (Tex. 1982)). A rebuttable presumption arises that the amounts in question are due, delinquent, and unpaid. *Id.* (citing *Flowers v. Lavaca Cnty. Appraisal Dist.*, 766 S.W.2d 825, 828 (Tex. App.—Corpus Christi 1989, writ denied)). Because the tax roll also identifies the person against whom the taxes were assessed, the same documents additionally establish that the defendant owned the property on January 1 of the year for which the tax was imposed. *Id.*

Felt points out that in the certified delinquent-tax statement introduced by the County, the property's owner is identified as Equi-Share, Inc. Quoting *Pete Dominguez Enterprises, Inc. v. County of Dallas*, 188 S.W.3d 385, 387–88 (Tex. App.—Dallas 2006, no pet.), Felt argues that "[i]f the identity of the entity named as owner of the property on that tax roll does not match the identity of the defendant sued for non-payment, then no presumption [of compliance with the law] arises and no prima facie case is established by the taxing authority." But there is a difference between prima facie evidence of a material fact in the case and prima facie evidence of *every* material fact.

We agree that the certified delinquent-tax statement did not give rise to a presumption that Felt owned the property, but on the question of ownership, the County did not rest its case solely on a presumption. The tax statement created a presumption that Equi-Share, Inc. owned the property, but the County also introduced and relied on a certified copy of a warranty deed conveying the property to Felt in 1983, and on Felt's notarized signature on the deed. This is

5

competent, unrebutted evidence that Felt was the owner of the property for each of the tax years at issue in this case. *See Seiflein v. City of Houston*, No. 01-09-00361-CV, 2010 WL 376048, at *3 (Tex. App.—Houston [1st Dist.] Feb. 4, 2010, no pet.) (mem. op.) (affirming judgment where tax statements failed to identify the defendant as the property owner, but the taxing authorities introduced evidence of ownership, including a certified copy of a deed showing that the property was conveyed to the defendant). As for the amounts at issue, a certified delinquent-tax statement is prima facie evidence of the amount of penalties, tax, and interest, and on those matters, and the County relied solely on the presumption under section 33.47(a) that these amounts are due, delinquent, and unpaid. Felt offered no evidence to rebut that presumption, which is not undermined by the misidentification of the property's owner. *See* TEX. TAX CODE ANN. § 25.02(b) (West 2008) ("A mistake in the name or address of an owner does not affect the validity of the appraisal records, of any appraisal or tax roll based on them, or of the tax imposed.").

Felt additionally argues that "reasonable jurors would not credit the Taxing Authorities' evidence as probative against Felt" because the taxing authorities did not change the certified records to substitute his name and address for that of Equi-Share, Inc. When a case is tried without a jury, the trial court is the sole judge of the witnesses' credibility and the weight to be given to their respective testimony. *Beck v. Walker*, 154 S.W.3d 895, 901 (Tex. App.—Dallas 2005, no pet.). As a factfinder, the trial court can reject the uncontroverted testimony of an interested witness unless the testimony is readily controvertible, clear, positive, direct, and there are no circumstances tending to discredit it. *In re Doe 4*, 19 S.W.3d 322, 325 (Tex. 2000). Here, a reasonable factfinder could have credited the evidence produced by the County.

We overrule Felt's first issue.

### III. POST-ANSWER DEFAULT JUDGMENT

In his second issue, Felt contends that the trial court erred in rendering a default judgment against him. He reasons that the trial court indicated that it did not consider the evidence presented at the trial, because in the portion of the judgment indicating that Felt "appeared/failed to appear in court," the word "appeared" is crossed out.

If Felt were correct and this truly had been a default judgment, and the trial court had not considered the evidence from the trial, then Felt would have been required to file a motion for new trial to preserve this issue for appeal. *See* TEX. R. CIV. P. 324(b)(1) ("A point in a motion for new trial is a prerequisite . . . [for a] complaint on which evidence must be heard such as . . . failure to set aside a judgment by default . . . ."). Here, because Felt failed to file a motion for new trial, this argument has not been preserved for appeal.

### IV. CONCLUSION

We conclude that the evidence is legally sufficient to support the judgment. If, as Felt contends, this was a default judgment, then he failed to preserve a challenge to the judgment by a timely motion for new trial. We accordingly affirm.

/s/     Tracy Christopher
        Justice

Panel consists of Justices Christopher, Jamison, and McCally.

7